The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RRW LEGACY MANAGEMENT GROUP, INC., a Washington corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CAMPBELL WALKER, an individual,<br><br>    Defendant. | No. 2:14-cv-00326-MJP<br><br>**DECLARATION OF CAMPBELL M. WALKER IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

I, Campbell McVay Walker, declare as follows:

1.  I am an individual, and I presently am a citizen of Ireland, residing in Dublin.

2.  My father, Robert Randolph Walker, died on February 28, 2013, in Dublin, at the age of 82. He is survived by my mother, Victoria R. Walker. Both my father and my mother originally were from the Pacific Northwest, where my father succeeded to a variety of longstanding family business interests in the area. My father relinquished his United States citizenship in 1998 and became an Irish citizen in 2005. I relinquished my United States citizenship and became an Irish citizen in 2005.

3.  During his lifetime, my father conducted a substantial portion of his business affairs through Campbell Investment Company ("CIC"), a Washington corporation established by his predecessors in 1929.

DECLARATION OF CAMPBELL MCVAY WALKER
(2:14-cv-00326-MJP) – 1

4. 1992, as part of his estate planning efforts, he formed an entity known as Argyll Limited Partnership ("Argyll"). Argyll is a limited partnership formed under Washington law. A true and correct copy of the currently-operative Agreement of Limited Partnership of Argyll Limited Partnership (the "Partnership Agreement") is attached to this Declaration as Exhibit A. Through a series of contribution and redemption transactions, Argyll came to hold, and presently holds, eighty-nine percent of the oustanding equity in CIC.

5. At the time Argyll was formed, my father was appointed general partner, and came to hold a twenty-five percent interest in Argyll, five percent of which was allocable to his role as general partner. The remaining interests were divided equally (fifteen percent each) between me and my four siblings – Victoria Walker Counsell, Cody C. Walker, Antoinette R. Walker and Robert Angus Walker – each of whom were limited partners. In 1999, my father appointed me to succeed him as general partner (pursuant to authority granted him in the Partnership Agreement) and assigned to me the five percent interest allocable to the general partner. At that time, my father's remaining twenty percent interest in Argyll was distributed equally between me and my four siblings. As a result of these transactions, I held, and continue to hold, a total of twenty-four percent of Argyll's outstanding equity (with five percent allocable to my status as general partner), and each of my siblings – Victoria Walker Counsell, Cody C. Walker, Antoinette R. Walker and Robert Angus Walker – held, and continues to hold, nineteen percent, as a limited partner.

6. From the time I became responsible for Argyll's operations as general partner, I have managed that entity's affairs and supervised its interest in CIC in good faith and with the best interests of my family members in mind. It was also my father's express intention that I succeed him as the officer in control of CIC with responsibility for the management of its business affairs. Consequently, I have served as CIC's President since 1999, and have been compensated for those services.

7. In late January of 2014, I received a copy of the document attached to this Declaration as Exhibit B. It is titled "Action by Written Consent," and purports to reflect a

DECLARATION OF CAMPBELL MCVAY WALKER
(2:14-cv-00326-MJP) – 2

determination made by my sisters Antoinette and Victoria, and by my brother Robert Angus, as the holders of a majority of the interests in Argyll, to remove me as Argyll's general partner for "cause." The document nowhere describes the "cause" upon which the "Action by Written Consent" is based. I had been given absolutely no indication by anyone that this step had been planned and it took me entirely by surprise.

8. At the same time, I received a copy of the document attached to this Declaration as Exhibit C. It also is titled "Action by Written Consent," and purports to reflect a determination by the holders of "Sixty Percent or More of the Limited Partnership Interests" in Argyll to appoint an entity known as RRW Legacy Management Group, Inc. ("LMG") as the new, successor general partner of Argyll. I had never heard of LMG before receiving this document, though it now appears that LMG is an entity created for this purpose and owned by my sister Antoinette, who its principal officer.

9. A few days later, I received a copy of the document attached to this Declaration as Exhibit D. It is a letter, dated January 24, 2014, written on Argyll letterhead, to the limited partners and "former General Partner" of Argyll, announcing that I had been removed as Argyll's general partner and that LMG had succeeded me. According to the letter, I am "no longer authorized in any capacity to speak or act" for Argyll.

10. On February 4, 2014, I delivered a copy of the letter attached as Exhibit E to LMG (care of my sister Antoinette) by email and overnight mail. Among other things, the letter includes a specific demand under Washington law for information relating to the "cause" behind my purported removal.

11. As part of the exchanges surrounding these events, I offered to travel to Seattle in the hope that my siblings and I might talk these matters through and arrive at some sort of mutual resolution. Antoinette responded that she thought it might be useful for me to do so. Accordingly, on the evening of February 6, 2014, I flew from Phoenix, Arizona (where I had been visiting our mother) to Seattle, with the intention of meeting my siblings the following morning. When I arrived at the airport, however, I was greeted, not by my siblings, but by a pair of women

DECLARATION OF CAMPBELL MCVAY WALKER
(2:14-cv-00326-MJP) – 3

who attempted, without success, to give me a manila envelope in the baggage claim area. I did not understand it at the time, but I learned soon after that this almost certainly was an attempt to serve me with a lawsuit of some sort (it turns out to have been this one), and that the entire charade of my traveling to Seattle to discuss all of this with my siblings had been nothing more than a trick intended to expose me to service.

12. I am told that, at a meeting held on February 7, 2014, Argyll, acting with LMG as its purported general partner, voted its shares in CIC to remove both me and my brother, Cody C. Walker, as directors of CIC and to terminate my employment as CIC's President. I understand that LMG has voted to appoint Antoinette as CIC's new President.

13. At no point has anyone raised with me in any way a purchase of my partnership interests in Argyll.

14. I am aware of no conduct on my part that would constitute "cause" for my removal as Argyll's general partner under the Partnership Agreement. I repeatedly have asked LMG and my siblings to explain to me what they consider the "cause" to be. I have done this both informally, in the series of exchanges following my purported removal, and formally, through my letter of February 4 (Exhibit E). I have directed my counsel to raise the question with LMG's counsel, which they have done both in correspondence and directly at a meeting held on March 10, 2014. LMG and my siblings have flatly refused to respond to my inquiries, and I understand that LMG's counsel reported that she had not been authorized to discuss the question of "cause" at the meeting held on March 10. I have no better idea today what the "cause" for my removal was than I had on the day I first received the "Action by Written Consent" – which is to say, no idea at all.

///

DECLARATION OF CAMPBELL MCVAY WALKER
(2:14-cv-00326-MJP) – 4

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 19th day of March, 2014 at Dublin, Ireland.

/s/ Campbell McVay Walker
Campbell McVay Walker

*[signature], 19 MAR 2014*
*CAMPBELL McVay WALKER*

DECLARATION OF CAMPBELL MCVAY WALKER
(2:14-cv-00326-RSM) – 5

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Malaika M. Eaton
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700
Seattle, WA 98101-3143
Email: meaton@mcnaul.com
*Attorneys for Plaintiff*

DATED this 31st day of March, 2014.

By: s/*Keith S. Morton*
      Keith S. Morton

DECLARATION OF CAMPBELL MCVAY WALKER
(2:14-cv-00326-MJP) – 6