Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RRW LEGACY MANAGEMENT GROUP, INC., a Washington corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAMPBELL WALKER,<br><br>　　　　　　　　　　Defendant. | No. 2:14-cv-00326MJP<br><br>PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>**Note on Motion Calendar:**<br>**Friday, August 29, 2014**<br>**Without Oral Argument** |

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff RRW Legacy Management Group, Inc. ("RRW") seeks an order permitting it to amend its Complaint against Defendant for the reasons set out herein. A copy of the proposed Amended Complaint is attached to the Declaration of Charlotte A. Archer in Support of Plaintiff's Motion to Amend.

## II. RELEVANT FACTS

This matter arises from the removal of Defendant as the general partner of Argyll Limited Partnership ("Argyll"), for cause. During his tenure as general partner, Defendant refused to provide Argyll's Limited Partners with access to the partnership's books, records and financial information, refused to provide the Limited Partners with a copy of Argyll's Partnership Agreement, lied to the Limited Partners about their rights under the

PLAINTIFF'S MOTION TO AMEND COMPLAINT
(No. 2:14-cv-00326MJP) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Partnership Agreement, embezzled partnership profits, and committed other acts of misfeasance.

As a result of his misfeasance, a majority of Argyll's Limited Partners voted to remove him from his position as General Partner, and appointed RRW as the successor General Partner. Despite his lawful removal, Defendant refused to provide RRW and the Limited Partners with Argyll's books and records. *See* Declaration of Charlotte A. Archer (hereinafter "Archer Decl.", at ¶ 2). When RRW was able to obtain some of the books and records from outside sources (including Argyll's former bookkeeper and attorney) and additional records from Defendant via discovery in this matter—which occurred a mere week ago—some additional claims against Defendant came to light , arising from Defendant's misfeasance during his tenure as General Partner. *See* Archer Decl. at ¶¶ 3-4. The new information also allowed RRW to streamline the existing claims.

Because Defendant delayed in producing any material in response to RRW's discovery requests, Defendant agreed to extend the parties' deadline to amend the pleadings in this matter until August 11, 2014. *Dkt*. 54 (Third Stipulated Motion and Order to Extend Deadline to File Amended Pleadings). The Court granted that request on August 4, 2014. Dkt. 56 (Order Granting Third Stipulated Motion to extend Deadline to File Amended Pleadings).

### III. ISSUE PRESENTED

Whether this Court should grant RRW's request to amend its Complaint

### IV. EVIDENCE RELIED UPON

Plaintiff's request is based upon the records and pleadings on file, and the Declaration of Charlotte A. Archer and Exhibit A thereto.

### V. AUTHORITY AND ARGUMENT

The Court should allow Plaintiff to amend its Complaint. FRCP 15(a) provides that though plaintiffs must seek leave of court to amend their Complaint after defendants

PLAINTIFF'S MOTION TO AMEND COMPLAINT
(No. 2:14-cv-00326MJP) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

have answered, "leave shall be freely given when justice so requires." The Ninth Circuit has emphasized that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d at 186 (quoting *United States v. Webb*, 655 F.2d 979 (9th Cir. 1981)); see also *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (citing Foman v. Davis, 372 U.S. 178 (1962)). This doctrine is a result of the federal policy which strongly favors determination of cases on their merits.  See *Howey*, 418 F.2d at 1190.

The trial court should weigh several factors when determining the propriety of a motion under Rule 15: (i) undue delay, (ii) bad faith, (iii) futility of amendment, and (iv) prejudice to the opponent.  *Loehr v. Ventura City Cmty. College Dist*., 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey*, 481 F.2d at 1190.  Moreover, a mere passage of time, by itself, is insufficient reason to deny a motion to amend a pleading; rather, there must be an affirmative showing of either prejudice or bad faith.  See *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir.), *modified on other grounds*, 860 F.2d 357 (9th Cir. 1988).

Here, permitting plaintiff to amend the complaint is proper under each of the relevant factors.  First, the motion to amend was neither unduly delayed nor brought in bad faith.  Plaintiff cannot be said to have delayed unduly in filing the Amended Complaint as the Court's Order Setting Trial Date & Related Dates (amended by stipulation of the parties) provides that pleadings may be amended on or before the date of this filing.  Moreover, Plaintiff only recently received discovery from Defendant and, as a result, has uncovered material that forms the basis of additional causes of action against Defendant for his wrongdoing during his tenure as the former general partner of Argyll.

Moreover, trial in this matter is set for May 18, 2015.  Very little discovery has occurred (as Defendants produced their first tranche of responsive documents a mere week ago and no depositions have yet occurred).  Defendants would suffer no undue prejudice by allowing the amendment of the complaint, and in fact, the amendment will

PLAINTIFF'S MOTION TO AMEND COMPLAINT
(No. 2:14-cv-00326MJP) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

allow the Court and the parties to more clearly focus on the relevant issues in this litigation.

### VI. CONCLUSION

For the foregoing reasons, RRW respectfully requests that this Court grant leave to amend the complaint in the form as attached as Exhibit A to the Declaration of Charlotte A. Archer.

DATED this 11th day of August, 2014.

        McNAUL EBEL NAWROT & HELGREN PLLC

By:  s/Charlotte A. Archer
      Malaika M. Eaton, WSBA No. 32837
      Charlotte A. Archer, WSBA No. 43062

600 University Street Suite 2700
Seattle, Washington 98101
Telephone (206) 467-1816
Facsimile (206) 624-5128
meaton@mcnaul.com
carcher@mcnaul.com

Attorneys for Plaintiff

PLAINTIFF'S MOTION TO AMEND COMPLAINT
(No. 2:14-cv-00326MJP) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who receive CM/ECF notification.

By:   s/Charlotte A. Archer
       Charlotte A. Archer, WSBA No. 43062

PLAINTIFF'S MOTION TO AMEND COMPLAINT
(No. 2:14-cv-00326MJP) – Page 5

LAW OFFICES OF
MᴄNᴀᴜʟ Eʙᴇʟ Nᴀᴡʀᴏᴛ & Hᴇʟɢʀᴇɴ ᴘʟʟᴄ
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3269-001 dg18fd40b0.002 2014-08-11