1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | RRW LEGACY MANAGEMENT
GROUP, INC.,

11 |                          Plaintiff,

12 |        v.

13 | CAMPBELL WALKER,

14 |                          Defendant.

15 |

CASE NO. C14-326 MJP

ORDER ON
   1. MOTION TO AMEND
      COMPLAINT
   2. MOTION TO COMPEL
      DISCOVERY

16

17         The Court, having received and reviewed:

18     1.  Plaintiff's Motion to Amend Complaint (Dkt. No. 57), Defendant's Response (Dkt.

19         No. 60) and Plaintiff's Reply (Dkt. No. 67); and

20     2.  Plaintiff's Motion to Compel Discovery (Dkt. No. 47), Defendant's Response (Dkt.

21         No. 62), Plaintiff's Reply (Dkt. No. 64) and Defendant's Surreply (Dkt. No. 70)

22 and all attached declarations and exhibits, makes the following ruling:

23         IT IS ORDERED that the motion to amend the complaint and add an additional party is

24 GRANTED.

1    IT IS FURTHER ORDERED that the motion to compel discovery is DENIED; the

2    parties are ordered to meet and confer on the new discovery issues raised in Plaintiff's reply and

3    file a unified motion pursuant to LCR 37 if the matter is still not resolved.

4    **Background**

5    Three of the five Limited Partner/siblings in a family-owned partnership exercised their

6    rights under the Partnership Agreement and ousted Defendant Campbell Walker as General

7    Partner; a management company owned by sibling Antoinette Walker was then voted in as

8    General Partner.  In the aftermath of these events, Antoinette Walker's management company

9    (RRW Legacy Management; hereinafter, "RRW") filed a declaratory action in state court to

10   affirm that the ouster of Campbell Walker and appointment of RRW was proper.  Defendant

11   removed the matter to federal court.

12   Defendant has previously filed a summary judgment (Dkt. No. 9), which was denied.

13   (Dkt. No. 36.)  The motions currently before the Court concern Plaintiff's request to file an

14   amended complaint which adds a new party (Antoinette Walker) and alleges new causes of

15   action, and a motion to compel which alleges that Defendant has not fully complied with

16   Plaintiff's requests for discovery.

17   **Discussion/Analysis**

18   Motion to Amend

19   Defendant points out, correctly, that Plaintiff's "Motion to Amend Complaint" is not

20   simply a motion to amend the complaint.  Plaintiff is seeking to add Antoinette Walker as a new

21   plaintiff with new causes of action which are legally distinct from the declaratory relief sought

22   by RRW (the new causes of action are: breach of contract, breach of fiduciary duty and

23   violations of the Washington Limited Partnership Act (WLPA)).  Although the parties had earlier

24   agreed to an extension of the deadline to amend pleadings, that agreement does not cover this

1   situation.  According to the scheduling order, the deadline for adding additional parties passed on

2   July 2, 2014. (Dkt. No. 35.)

3          A request to add additional parties beyond the deadline for doing so is governed by FRCP

4   16, as well as FRCP 15.  In contrast to FRCP 15's "when justice so requires" standard, FRCP

5   16(b) "requires that a party show 'good cause' for modifying the deadlines set forth in a

6   scheduling order."  Janakish v. First Am. Title Ins. Co., 2009 WL 1919117 at *1 (WAWD, July

7   2, 2009).  Although there is some case law that failure to address the "good cause" requirement

8   alone is grounds for denial, in the Janakish case this Court chose to follow the precedent which

9   treats the request as an implicit motion to amend the case schedule.

10         The "good cause" standard requires a showing that, even acting diligently, the plaintiff

11  could not have met the deadlines in the scheduling order.  Johnson v. Mammoth Recreations, 975

12  F.2d 604, 609 (9th Cir. 1992)(citing FRCP 16 advisory committee's notes to the 1983

13  amendment).  Defendant demonstrates that, as far back as April 2014, Antoinette Walker was

14  making the claims that form the bases for her "new" causes of action; claims that Defendant was

15  funneling profits to himself and refusing to maintain certain records in Washington.  Ms.

16  Walker's rejoinder to this is that it was not until she received Defendant's discovery responses in

17  late July and early August that she "determined she could pursue claims that she was otherwise

18  reluctant to pursue against a family member."  Reply, p. 4.  And a review of an earlier

19  declaration by Ms. Walker reveals that she did in fact indicate that she had "access to some, but

20  not all of the books and records" which supported her allegations.   (Dkt. No. 31, p. 2.)

21         The issue of whether Defendant will be prejudiced by the addition of a new party and

22  new claims touches both the Rule 16 and Rule 15 analysis.  Defendant claims that the

23  amendment will "assuredly require additional discovery and an extension of the trial date."

24

1   (Response, p. 10.)  But (as Plaintiff points out) Defendant presents no evidence in support of that

2   allegation and Plaintiff's motion contains no indication that a continuance is anticipated as a

3   result of this amendment.  There are still months remaining on the discovery timeline and

4   Plaintiff claims that "no extension of the trial date is necessary due to this amendment."  (Reply,

5   p. 5.)

6     Defendant also asserts that the proposed amendment is futile under FRCP 20(a) because

7   Ms. Walker's new causes of action do not assert rights "arising out of the same transaction,

8   occurrence, or series of transactions or occurrences" and do not involve "question[s] of law or

9   fact common to all plaintiffs."  FRCP 20(a).  His argument attempts to characterize RRW's

10   cause of action (the propriety of Defendant's removal and the appointment of RRW) as

11   "completely separate" from Ms. Walker's claims of breach of contract and fiduciary duty and

12   violations of the WLPA.  He contends that, since the facts in Ms. Walker's claims predate his

13   removal, resolution of the claim involving his removal will have no bearing on her right to relief

14   and therefore FRCP 20(a) prohibits joinder of the actions.

15     It is not a persuasive argument.  The allegations which Ms. Walker seeks to add are at the

16   heart of the issue of whether there was "good cause" for Defendant's removal and they will

17   necessarily be adjudicated in the course of determining RRW's right to the relief it seeks.  FRCP

18   20(a) constitutes no bar to granting this motion.

19     The Court agrees with Plaintiff's position that a strict adherence to the procedural

20   technicalities – forcing Antoinette Walker to file a separate lawsuit, which would then be the

21   subject of a consolidation motion to avoid inconsistent outcomes on what are unquestionably

22   related causes of action – would simply result in a waste of judicial resources, not to mention the

23   parties' time and money.  The motion to amend and add a new party will therefore be granted.

24

ORDER ON MOTIONS - 4

1      Finally, Defendant requests that, if the Court is inclined to grant this motion, he be

2  permitted a two-week window of additional time to add parties and amend his pleadings.  The

3  Court declines that request – if Defendant seeks to renew his pursuit of counterclaims in this

4  litigation, he can and should make the same showing that his sister has been required to make in

5  satisfaction of the Federal Rules of Civil Procedure.

6  <u>Motion to Compel</u>

7      The Court agrees with Defendant's position as regards this discovery dispute; namely,

8  that it appears that Plaintiff's original discovery problems were resolved after the filing of this

9  motion and that Plaintiff's reply briefing raises new discovery issues which Defendant has not

10  had an opportunity to rebut.

11      The parties are ordered to meet and confer on the new discovery issues raised by

12  Plaintiff's reply briefing. If that conference does not produce a resolution of the discovery

13  dispute, the parties are invited to file a unified CR 37 pleading to achieve an expedited review of

14  the controversy.

15      Plaintiff's motion to compel is DENIED.

16

17      The clerk is ordered to provide copies of this order to all counsel.

18      Dated September 30, 2014.

19

20

21                              Marsha J. Pechman

22                              United States District Judge

23

24