Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RRW LEGACY MANAGEMENT GROUP, INC., a Washington corporation, and ANTOINETTE WALKER, individually and as a Limited Partner of Argyll Limited Partnership,<br><br>                      Plaintiffs,<br><br>   v.<br><br>CAMPBELL WALKER,<br><br>                      Defendant. | No. 2:14-cv-00326MJP<br>(Consolidated with 2:14-cv-1544)<br><br>DECLARATION OF MALAIKA M. EATON IN SUPPORT OF PLAINTIFF RRW'S MOTION FOR ATTORNEY FEES AND COSTS<br><br>**Note on Motion Calendar:<br><u>Friday, August 26, 2016</u><br>Without Oral Argument** |
| CAMPBELL INVESTMENT COMPANY, a Washington corporation,<br><br>                      Plaintiff,<br><br>   v.<br><br>CAMPBELL M. WALKER, a foreign individual,<br><br>                      Defendant. | |

     I, MALAIKA M. EATON, declare under penalty of perjury of the laws of the United States of America and State of Washington that the following statements are true and correct and based on personal knowledge:

DECL. OF M. M. EATON ISO PL. RRW'S MOTION FOR ATTORNEY FEES AND COSTS (Consol. No. 2:14-cv-00326) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1. I am over the age of 18 and competent to testify to the matters set forth herein. This declaration is made in support of Plaintiff RRW Legacy Management Group, Inc.'s Motion for Attorney Fees and Costs.

2. I have practiced law in the state of Washington since 2002. My work has focused on trial practice since that time. During that time I have tried numerous cases to jury verdict and judgment in both state and federal court, including as lead counsel. I have also arbitrated several commercial matters to resolution and served as lead counsel in a number of bench trials. Attached as **Exhibit A** is a true and correct copy of my bio maintained on McNaul's website.

3. I graduated cum laude from Willamette University, and magna cum laude from Cornell Law School. After graduating law school, I clerked for The Honorable Thomas G. Nelson of the U.S. Court of Appeals for the Ninth Circuit. I was admitted to the Washington Bar in November 2002. I am currently a member at McNaul Ebel Nawrot & Helgren PLLC. Before joining McNaul, I practiced for a number of years at Heller Ehrman LLP.

4. I am admitted to practice in Washington state courts, the United States District Courts for the Western and Eastern Districts of Washington, the United States Court of Appeals for the Ninth Circuit, the United States Court of Federal Claims, and the Supreme Court of the United States.

5. My hourly rate in this matter was $365 in 2014 and $375 in 2015. I am familiar with the rates charged by my firm and other firms in the Seattle area. These rates are within the reasonable range charged in complex matters such as this one by attorneys with similar experience, skill, and reputation in the Seattle area.

6. Similarly, the rates for the other McNaul attorneys and paralegals who worked on this matter are within the reasonable range given the background and experience of McNaul's attorneys, the skill required by the undisputed factual complexity

DECL. OF M. M. EATON ISO PL. RRW'S MOTION FOR ATTORNEY FEES AND COSTS (Consol. No. 2:14-cv-00326) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

of this action, the value of the businesses at stake in this litigation, and the prevailing rates in the Seattle-area legal market.

7. Charlotte Archer worked as an associate on this matter. Ms. Archer's hourly rate on this matter was $300 in 2014 and $310 for 2015. Ms. Archer graduated cum laude from Willamette University, and graduated with honors from the University of Washington School of Law. Ms. Archer was admitted to the Washington Bar in 2010.

8. Claire Martirosian also worked as an associate on this matter. Ms. Martirosian's hourly rate for 2015 was $310. Ms. Martirosian graduated with distinction from the University of Virginia, and graduated from New York University School of Law. Ms. Martirosian was admitted to the bar of New York in 2012, and the Washington Bar in 2015. Before joining McNaul, Ms. Martirosian worked as an associate in the New York office of Debevoise & Plimpton LLP and clerked for Judge David Mannheimer of the Alaska Court of Appeals.

9. Kimberly Anderson worked as a paralegal on this matter. Ms. Anderson has over 20 years of experience in the field of commercial litigation. Ms. Anderson's hourly rate was $195 in 2014and $200 in 2015.

10. William Carleton is a partner in McNaul's Business Department. Mr. Carleton's hourly rate was $420 in 2014 and $435 in 2015. Kimberly Walker was an associate in McNaul's Business Department. Ms. Walker's rate was $260 in 2014. Both Mr. Carleton and Ms. Walker provided advice to RRW regarding corporate law issues as they related to the litigation.

11. Several other attorneys in my office provided limited assistance on this matter at various points in time. Peter M. Vial is a partner in McNaul's Litigation Department. Mr. Vial's rate was $480 in 2014. Curtis Isacke also worked as an associate on this matter. Mr. Isacke's rate was $290 in 2014 and $300 in 2015. Amy Stanton also worked as a paralegal on this matter. Ms. Stanton's rate was $195 in 2014. Jessica

DECL. OF M. M. EATON ISO PL. RRW'S MOTION FOR ATTORNEY FEES AND COSTS (Consol. No. 2:14-cv-00326) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Kamish worked as a contract attorney on this matter. Ms. Kamish's hourly rate was $300 in 2015.

12. Attached hereto as **Exhibit B** are true and correct copies of McNaul's invoices in this matter, which have been redacted to remove information protected by the attorney-client and work product privileges. To the extent that an entire row on an invoice is redacted (and thus does not show the timekeeper, number of hours billed, etc.), RRW is not seeking fees associated with the redacted billing entry. Highlighted entries reflect work on RRW's Motion for Summary Judgment, for which RRW is only seeking to recover 2/3 of its fees.

13. The amount of time expended by RRW on this matter was reasonable. This litigation was undeniably complex, as it involved untangling 15 years of wrongdoing on the part of Defendant while he was in control of the interrelated entities, Argyll and CIC. It also involved discovery relating to a number of overseas entities and trusts. In an effort to mask his self-dealing transactions, Defendant had failed to properly maintain the books and records of both entities—and in discovery, it became clear that what records did exist were in extreme disarray. The parties took eight depositions in this case, at least one of which was an out-of-town deposition. The case likewise required out of state subpoenas to third parties aligned with Defendant, some of whom were less than fully cooperative in responding to the subpoenas. Properly litigating this matter involved many hours of painstaking review of nearly 10,000 documents and significant work with experts to understand the nature and extent of Defendant's wrongdoing. This matter also involved a significant amount of briefing, including multiple rounds of summary judgment (one of which was a very early—and unsuccessful—summary judgment brought by Defendant seeking to dismiss the claims against him before discovery). This litigation was vigorously contested, and counsel for RRW spent significant time preparing this case for

DECL. OF M. M. EATON ISO PL. RRW'S MOTION FOR ATTORNEY FEES AND COSTS (Consol. No. 2:14-cv-00326) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

trial before this Court granted summary judgment for RRW—a complete success on the merits for RRW.

14. In October 2015, McNaul associated with counsel for CIC. I served as co-counsel for CIC at trial. McNaul's fees incurred during its representation of CIC are included with CIC's Motion for Attorney Fees and Costs, brought separately.

15. Counsel for RRW worked efficiently to limit the hours billed. Tia Walker personally devoted significant time and effort to document review, reducing the number of necessary attorney hours. Also, counsel for RRW worked closely with counsel for CIC to avoid duplication of effort. RRW filed its case first, in March 2014. Dkt. 1. CIC filed its complaint in October 2014, and the cases were consolidated in January 2015. Dkt. 85. As the evidence necessary for RRW's declaratory claims overlapped with the evidence necessary for CIC's breach of fiduciary duty claim, counsel for RRW conducted the vast majority of the document discovery and depositions necessary for both cases.

16. Tia Walker does not seek fees incurred to litigate claims brought in her individual capacity. After the litigation had been pending for several months, RRW and Tia amended their complaint to bring individual claims for Tia's personal damages, separately from RRW's declaratory claims. These claims were modest, including the amounts spent by Tia in her personal capacity to uncover Defendant's wrongdoing during the period before RRW and Tia obtained control of Argyll and CIC. These claims were not a significant focus of the litigation and were resolved in advance of trial, resulting in a recovery to Tia of $12,800. As this recovery was solely for Tia's benefit, rather the benefit of Argyll or CIC as a whole, Tia does not seek recovery for fees associated with these claims. To the extent that it was not feasible to determine the total amount of time spent on Tia's claims versus RRW's claims, RRW removed the entire entry, with the exception of RRW and Tia's Motion for Summary Judgment, Dkt. 92. The Motion addressed Tia's individual claims, but RRW's claims and Defendant's counterclaims were

DECL. OF M. M. EATON ISO PL. RRW'S MOTION FOR ATTORNEY FEES AND COSTS (Consol. No. 2:14-cv-00326) – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

the primary focus of the Motion. RRW therefore reduces its fee request with the Motion and related work by one-third, which is a conservative approach.

17. In a further effort to be conservative, RRW has excluded from its fee request billing entries relating to advice from McNaul attorneys regarding corporate, transition, and Walker family issues, including mixed entries where it was not feasible to determine the amount of time spent on this litigation versus other issues.

18. RRW has excluded various other categories of billing entries from its fee request, including RRW removed entries for the attendance of a second lawyer at a court hearing, entries relating to ancillary issues unrelated to the core issues in this litigation, entries reflecting time spent on settlement, and entries reflecting a new associate coming up to speed while another associate went on maternity leave.

19. Based on these exclusions, RRW has removed approximately 285 attorney and paralegal hours from its lodestar calculation and $96,131 from its total fee request.

20. Based on my opinion and experience, the $362,530 in fees requested by RRW is reasonable, especially given the conservative nature of RRW's fee request, the complexity of the case, and the exceptional outcome received by RRW.

21. RRW should also be allowed to recover $28,921.88 in expert witness fees. Accounting expert William Partin of Mueller and Partin, P.S., a certified public accountant and forensic economist, was retained to review Argyll and CIC materials to evaluate the economic losses incurred by Argyll Limited Partnership resulting from Campbell Walker's alleged breach of fiduciary duty. Work by Mr. Partin and his colleagues at Mueller and Partin, P.S. represents $26,319.38 of the total amount of expert fees. RRW also retained Michael P. Verchot, a University of Washington business professor, to opine on Argyll and CIC's corporate governance practices during the time he was general partner of Argyll and president of CIC. The work of these experts was

DECL. OF M. M. EATON ISO PL. RRW'S MOTION FOR ATTORNEY FEES AND COSTS (Consol. No. 2:14-cv-00326) – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

essential to understanding the nature and scope of Defendant's misconduct. Invoices received from these experts are attached as **Exhibit C**.

22. RRW should also be allowed to recover $5,763.09 in document management fees from Espy Case Solutions, the vendor that maintained the database of documents received and produced by RRW in this litigation. Invoices from Case Solutions are attached as **Exhibit D**.

23. RRW should also be allowed to recover $9,170.24 in computer legal research fees. A summary of RRW's legal research costs is attached as **Exhibit E**.

24. RRW incurred $5,849.41 in fees for court reporters and deposition transcripts during this litigation. RRW does not seek these fees in this motion, as they are recoverable as taxable costs pursuant to 28 U.S.C. § 1920(2) (allowing recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."). However, to the extent that any of those fees are not recoverable as taxable costs, they are recoverable as "related nontaxable expenses" in the instant motion. To the extent Defendant plans to argue that these fees are outside the ambit of 28 U.S.C. § 1920(2), the Court should award those fees here. Invoices are attached as **Exhibit F**.

DATED this 11th day of August, 2016, at Seattle, Washington.

By: s/Malaika M. Eaton
      Malaika M. Eaton, WSBA No. 32837

DECL. OF M. M. EATON ISO PL. RRW'S MOTION FOR ATTORNEY FEES AND COSTS (Consol. No. 2:14-cv-00326) – Page 7

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who receives CM/ECF notification.

DATED: August 11, 2016.

By: s/Malaika M. Eaton
Malaika M. Eaton, WSBA No. 32837

DECL. OF M. M. EATON ISO PL. RRW'S MOTION FOR ATTORNEY FEES AND COSTS (Consol. No. 2:14-cv-00326) – Page 8

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3269-001 fh08g003cq.002 2016-08-11