Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RRW LEGACY MANAGEMENT GROUP, INC., a Washington corporation, and ANTOINETTE WALKER, individually and as a Limited Partner of Argyll Limited Partnership,<br><br>Plaintiffs,<br><br>v.<br><br>CAMPBELL WALKER,<br><br>Defendant.<br><br>CAMPBELL INVESTMENT COMPANY, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>CAMPBELL M. WALKER, a foreign individual,<br><br>Defendant. | No. 2:14-cv-00326MJP<br>(Consolidated with 2:14-cv-1544)<br><br>PLAINTIFF CAMPBELL INVESTMENT COMPANY'S MOTION TO COMPEL AND/OR FOR SANCTIONS<br><br>**NOTE ON MOTION CALENDAR: FRIDAY, NOVEMBER 18, 2016 Without Oral Argument** |

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP)

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

# I. INTRODUCTION AND RELIEF REQUESTED

Campbell Investment Company ("CIC") respectfully requests that the Court enter an order compelling Mr. Campbell Walker to sit for a deposition, compelling him to provide interrogatory answers and responsive documents to CIC's discovery requests, and imposing sanctions, including an award of attorneys' fees and costs to CIC incurred in moving to compel. Mr. Walker, a judgment debtor in this consolidated action, has completely rebuffed CIC's legitimate efforts to engage in post-judgment, collection-related discovery as authorized by Fed. R. Civ. P. 69. He has failed to appear for a properly noticed deposition and failed to answer properly served discovery requests within the required time period. He has provided no justification for his actions, nor moved this Court for protection. In fact, his only affirmative step post-judgment—supposedly discharging his counsel from the collection related aspects of this case (Dkt. 232)—appears to be a strategic maneuver designed to stymie CIC's collection efforts. Judicial intervention is proper and necessary here.

# II. STATEMENT OF FACTS

**A. Plaintiffs Prevail in This Lawsuit Against Campbell Walker Relating to his Actions While in Control of Argyll LP and Campbell Investment Company**

Campbell Walker was the defendant in the consolidated action before this Court.[1] Mr. Walker renounced his U.S. citizenship, but this Court properly exercised personal jurisdiction over him in this action and he appeared here personally at least for some of the trial of this matter.

In 1999, Mr. Walker became general partner of Argyll Limited Partnership ("Argyll"), a Washington limited partnership. Mr. Walker also held a limited partnership interest in Argyll, as did his four siblings. Argyll holds 89% of the shares of a related closely-held Washington corporation, CIC.[2] At the around same time he became General

---

[1] This Court is well-acquainted with the facts of the underlying lawsuit. CIC provides the recitation of facts in this Section II.A as background only.

[2] Each of the five Walker Siblings also has a direct 2.2 percent ownership interest in CIC.

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Partner of Argyll, Mr. Walker became president and director of CIC. In recent years, CIC's investments have been primarily held in the oil and gas business.

Among other misconduct, during his tenure as General Partner of Argyll and President of CIC, Mr. Walker terminated Argyll's prior management relationship with CIC and put a new arrangement in place between CIC and Darshan, an off-shore entity he came to own. At Mr. Walker's direction, CIC paid millions of dollars in fees to Darshan. These management fees were all paid while Mr. Walker was also paying himself a salary, bonus, and other benefits for his role in managing CIC. The CIC board never reviewed or approved the change in management arrangements or the payment of fees to Darshan.

In January 2014, by consent of three of the five Limited Partners of Argyll, Mr. Walker was removed as General Partner of Argyll for cause. RRW Legacy Management Group, Inc. ("RRW"), a Washington corporation, became the new General Partner. Mr. Walker received notice of his removal, but continued to claim that he was Argyll's general partner, to the detriment of RRW's ability to govern as the successor general partner of Argyll and to the detriment of Argyll's interests and those of its partners.

RRW initiated the first suit against Mr. Walker (in February 2014), seeking a declaratory judgment that (1) he had been properly removed as General Partner of Argyll and (2) RRW had been properly installed as his successor. Dkt. 1. Mr. Walker asserted counterclaims for tortious interference, civil conspiracy, and violation of Washington limited partnership law. Dkt. 7. Later (in October 2014), CIC filed suit against Mr. Walker seeking damages for breach of fiduciary duty. This Court consolidated the cases in 2015. Dkt. 85.

In October 2015, the Court granted RRW's summary judgment motion that Mr. Walker was properly removed for cause. The Court found his actions qualify as "willful misconduct" sufficient to satisfy Washington law and the requirements of the Agreement:

> The Court finds that [Mr. Walker] was aware of his duties and obligations under the law and under the Agreement and that his failure, through his intentional acts,

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

to abide by those duties and obligations qualifies as "willful misconduct." The Court further finds that cause existed for [his] removal under the Agreement, that [he] was properly removed under the terms of the Agreement, and that Plaintiffs are entitled to summary judgment….

Dkt. 141 at 10. The Court then found RRW was properly appointed as the new general partner. *Id.* at 10-12. Finally, the Court dismissed the counterclaims. *Id.* at 12-14.

Importantly, at the same time, the Court also found that CIC was entitled to partial summary judgment on its claim of breach of fiduciary duty against Mr. Walker:

> The facts are undisputed and the law is clear. [Mr. Walker]'s conduct . . . violates at least two of the four elements of the statutory duty laid out in RCW 23B.08.320: it is intentional misconduct, and it generated benefits to which [he] was not legally entitled at the expense of the corporation. Only one element is required to establish a violation. On the undisputed facts before the Court, [] CIC is entitled to summary judgment as a matter of law on its breach of fiduciary duty claim.

*Id.* at 17-18.

CIC and Mr. Walker then engaged in a trial on the fiduciary duty claim. On January 28, 2016, following trial, the Court awarded CIC damages for breach of fiduciary duty. Importantly, the Court also confirmed that no CIC board meetings took place, and none of CIC's business or management decisions were presented to the CIC board for approval. The Court entered judgment on its findings on July 28, 2016. Dkt. 203. The total amount of the judgment in CIC's favor was $6,271,645.68. *Id.* On September 28, 2016, the Court added $580,776.94 in attorneys' fees and taxable costs. Dkt. 228.

**B.  CIC Issues Post-Judgment, Collection-Related Discovery Requests to Campbell Walker and Notices His Deposition**

Mr. Walker appealed the Court's judgment (Dkt. 230), but these proceedings have not been stayed pending appeal. Mr. Walker has not paid one dime towards the judgment. **Ex. A** at 3. Thus, CIC, as the judgment creditor, has moved forward with collection efforts.

Accordingly, on September 26, 2016, CIC issued post-judgment interrogatories and requests for production to Mr. Walker. **Ex. B** (the "Discovery Requests"). Through these Discovery Requests, CIC asked for:

(1)  Mr. Walker's current contact information;

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

(2) identifying information and targeted documents concerning any and all entities, corporations, organizations, funds, trusts, or businesses in which he has any type of ownership or interest;

(3) identifying information and targeted documents concerning his real property interests;

(4) identifying information and targeted documents concerning his financial and investment accounts;

(5) identifying information and targeted documents concerning all sources of income;

(6) identifying information and targeted documents concerning other significant property, and

(7) his recent income tax returns.

*Id.* Plainly, the Discovery Requests were tailored to CIC's efforts to collect on this Court's $6.85 million judgment. His answers and responses were due on October 26.

On the same day CIC issued the Discovery Requests, CIC also noticed Mr. Walker's deposition "to be used in aid of execution of the Judgment" in accordance with the Federal Rules of Civil Procedure, scheduled for Monday, October 31. **Ex. C**. To promote efficiency, CIC scheduled this deposition several days after Mr. Walker's discovery responses were due.

**C.   Campbell Walker Ignores CIC's Discovery Requests and Fails to Appear for His Deposition, without Explanation**

For almost a month, CIC heard nothing from Mr. Walker. On October 25, 2016, one day before his discovery responses were due and less than a week before the deposition date, his counsel stated that Mr. Walker would not appear for his deposition:

> The purpose of this email is to inform you that Mr. Walker will not be appearing at your offices for a deposition on October 31. He is not available on that date, and is more generally seeking advice from separate counsel on issues relating to an appearance here for the purpose of being deposed. You will be informed of his position on that once it is finalized.

**Ex. A** at 6. CIC's counsel responded by pointing out the prejudice caused by his unexplained delay, but also offered to work with Mr. Walker to re-note the deposition if he would provide additional information, including (1) requested alternative deposition

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

dates on which he could appear, (2) non-privileged information regarding his claimed consultation with new counsel, and (3) assurance that he was not tactically delaying discovery to avoid collection:

> It is disconcerting to hear this only now, considering that this deposition has been noted for next week for almost a month. Please provide alternative dates for the deposition that Mr. Walker is prepared to attend and let me know when Mr. Walker first sought advice on issues relating to his appearance and the name of the lawyer he is consulting. To the extent Mr. Walker is now contending that he does not have an obligation to appear for his deposition, please provide any authority for that position. Please also provide appropriate assurances that he has not taken any steps (and will not in the time before he is deposed) to move, hide, or otherwise impair assets that could be used to satisfy the judgment…. I will need all of this information in order to consider whether to re-note Mr. Walker's deposition.

*Id.*

Mr. Walker's counsel responded without further detail, except to say that Mr. Walker would not appear and that counsel was not authorized to say anything more. *Id.* at 5. Conspicuously, counsel did not provide alternative deposition dates and made no effort to dispel CIC's concern that Mr. Walker was trying to delay to hide assets. *Id.*

In light of this deficient response, on October 27, CIC declined to re-note the deposition and explained that it would seek appropriate relief from this Court if Mr. Walker failed to appear. *Id.* at 4-5. On October 28, Mr. Walker's counsel confirmed again that Mr. Walker would not be attending the October 31 deposition. *Id.* at 2-3.

On October 31, Mr. Walker in fact did not appear for his deposition. **Ex. D**. CIC's counsel went on the record to document this failure to appear:

> This deposition was properly noted about five weeks ago . . . .
>
> In sum, less than one week ago I got the first notice from Mr. Walker that he would not attend his deposition by e-mail from Brad Duncan. I responded with some questions that I needed to know in order to consider whether to re-note the deposition. Included among those questions were the reason for Mr. Walker's claimed unavailability, assurance that he was not using the time to hide assets that could be used to satisfy the judgment, and the name of the lawyer that Mr. Walker indicated he was consulting about whether to appear for his deposition.
>
> Mr. Walker apparently refused to provide Mr. Duncan with authority to answer any of those questions, so I was unable to re-note the deposition. Mr. Walker also

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

apparently has declined to seek any relief from the court for this deposition. I have informed Brad Duncan on several occasions that the deposition would go forward, and Mr. Walker has declined to appear without seeking relief from the court for a properly noticed deposition. We have informed Mr. Walker that we will take appropriate steps in light of Mr. Walker's refusal to appear for this deposition.

*Id.* at 4:7-5:14.

### D. Campbell Walker's Counsel Moves for Leave to Withdraw from this District Court Case While Continuing to Represent Mr. Walker on Appeal of the Same Case

On October 31, shortly after Mr. Walker failed to appear for his deposition, his counsel filed with this Court a Motion for Leave to Withdraw in which it sought "entry of an order authorizing its withdrawal as counsel of record for the defendant, Campbell M. Walker, in the cases pending in this Court at Nos. 2:14-cv-326-MJP and 2:14-cv-1544-MJP (the 'District Court Cases')." Dkt. 232 at 1-2. The Motion states only that: "Professional considerations have arisen that have resulted in Mr. Walker's discharging HCMP as his counsel in the District Court Cases." Dkt. 232 at 2.

Significantly, the phrasing of the Motion to Withdraw left open the possibility that counsel would not be withdrawing from representing Mr. Walker on appeal in the same litigation. As it turns out, Mr. Duncan later confirmed to CIC's counsel that HMCP indeed planned to continue as Mr. Walker's appellate counsel. **Ex. A** at 1-2. This selective withdrawal raises serious questions. In any event, HMCP's withdrawal plan only exacerbates CIC's concern that Mr. Walker's design is to hinder CIC's lawful collection efforts.

### E. Campbell Walker Rebuffs CIC's Good Faith Attempts to Meet-and-Confer

As the exchange concerning Mr. Walker's deposition was ongoing (*supra* § II.C), Mr. Walker failed to serve any interrogatory answers or documents in response to CIC's Discovery Requests by the October 26 deadline. CIC's counsel pointed this out on November 1 and asked for a time to meet-and-confer:

[W]e have not received any responses to the discovery requests issued to Mr. Walker, which are now overdue. If they have been sent, please let me know. If not, please provide a time either today or tomorrow when you or Josh can be

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

available for a meet and confer.

*Id.* at 2. Counsel responded that, in light of its Motion to Withdraw, "[w]e do not consider ourselves to be authorized to speak on his behalf on any discovery-related issue." *Id.* Faced with this dearth of information, CIC responded that it would presume Mr. Walker directed counsel not to engage in a meet-and-confer:

> You and Josh are counsel of record for Mr. Walker. The Court has not considered (let alone granted) your motion to withdraw and, as you confirmed, you intend to remain counsel for Mr. Walker relating to this case (e.g., the appeal), among other things, even should the Court grant your motion. I do not agree that you have explained anything on this, as your motion and email below provide very little in the way of actual information. Given this, I will proceed on the assumption that Mr. Walker has directed you to refuse to meet and confer. If that is incorrect, please provide a time you or Josh are available to meet and confer tomorrow.

*Id.* at 1. On November 2, counsel again refused to provide details concerning the Motion to Withdraw and denied all ability to participate on Mr. Walker's behalf. *Id.*

As directed in Federal Rule 37(a)(1) and Local Rule 37(a)(1)(A), CIC's counsel hereby certifies CIC's good faith effort to meet-and-confer concerning Mr. Walker's failure to engage in discovery. *See* **Ex. A** at 1-2.

### III. ISSUE PRESENTED

Whether, in light of Campbell Walker's complete failure to participate in the post-judgment discovery process, the Court should (1) compel him to appear for a deposition, (2) compel him to produce full and complete interrogatory answers and responsive documents, and (3) sanction him as provided in the Federal Rules of Civil Procedure?

### IV. EVIDENCE RELIED UPON

Judgment creditor CIC relies upon the Declaration of Malaika M. Eaton in Support of Plaintiff's Motion to Compel and/or for Sanctions and Exhibits A-D attached thereto, and the records and files herein.

### V. AUTHORITY AND ARGUMENT

**A. The Federal Rules Empower Post-Judgment, Collection-Related Discovery Directed to the Judgment Debtor**

Under Fed. R. Civ. P. 69(a)(2), a judgment creditor is empowered to proceed with

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 7

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

additional collection-related discovery directed to the judgment debtor under the generally applicable rules governing discovery:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(2); *see Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561, 561 n. 1 (S.D.N.Y. 1977) (Fed. R. Civ. P. 69 "quite clearly entitles a judgment creditor to utilize the full panoply of federal discovery measures, including production of documents under Rule 34"). Indeed, under this rule, "the presumption should be in favor of full discovery of any matters arguably related to the [creditor's] efforts to trace [the debtor's] assets and otherwise to enforce its judgment[.]" *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

The discovery rules empower interrogatories on relevant topics (Fed. R. Civ. P. 33(a)) and requests for production or copying of relevant documents (Fed. R. Civ. P. 34(a)), and require the receiving party to provide answers and/or documents within 30 days after service (Fed. R. Civ. P. 33(b), 34(b)). Furthermore, the Rules empower the notice and taking of depositions by oral examination (Fed. R. Civ. P. 30).

Indeed, it is a fundamental tenant that the Federal Rules of Civil Procedure regarding discovery are self-executing—empowering parties to serve and obtain discovery regarding any non-privileged relevant matter without Court involvement. Fed. R. Civ. P. 26(b)(1); *see* 7 Moore's Federal Practice § 37.90 (Matthew Bender 3d ed.) ("[P]arties are expected to routinely make and respond to discovery requests on their own, with no involvement at all by the judiciary."). Typically, "if problems arise, they would tend to center around whether responses are adequate or objections are well founded, and not around complete failures to respond." *Id.*

This is not the typical circumstance: Mr. Walker has flatly refused to participate in post-judgment discovery. CIC validly served and noticed a judgment debtor deposition

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 8

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

under Fed. R. Civ. P. 30 and 69.  **Ex. C.**  Mr. Walker refused to appear without elaboration, without offer of alternative dates, and without seeking relief from the Court. **Ex. A** at 2-3, 6; *see* **Ex. D**.  CIC validly served Discovery Requests tailored to its collection efforts.  **Ex. B**; *supra* § II.B.  Mr. Walker failed to provide any answers or documents in response, without any excuse, relief, or request for extension.  **Ex. A** at 1-2.

And, to make matters worse, Mr. Walker's counsel now purports to selectively withdraw from this district court case (*see* Dkt. 232), while continuing to represent Mr. Walker on appeal.  *See* **Ex. A** at 1-2; *see also* Dkt. 232.  Even as Mr. Walker and counsel attempt to shroud the withdrawal under the cloak of the attorney-client privilege and rules of professional conduct, the result of this piecemeal, selective withdrawal is clear as day: Mr. Walker wishes to pursue his legal arguments on appeal without posting the required bond all while dodging CIC's collection efforts before this Court.  This flagrant disregard for the Rules of this Court is worthy of sanction.

**B.      The Court Should Compel Campbell Walker to Appear for a Deposition**

The Federal Rules empower judgment creditors to notice and take depositions from judgment debtors.  Fed. R. Civ. P. 69, 30.  A party may not simply ignore compulsory discovery obligations nor may counsel effectively withdraw from acting as counsel when the Court has not considered, let alone granted, any withdrawal motion. If a party intends to not respond to discovery or appear for a deposition, that party must timely seek a protective order, and satisfy the "heavy burden" of making a "strong showing" why the discovery should be denied.  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975).  Mr. Walker's failure to even seek such relief speaks volumes.

In light of Mr. Walker's refusal to make himself available for a deposition, and failure to offer any alternative dates or arrangements, CIC is entitled to an order compelling him to appear.  *See* Fed. R. Civ. P. 30, 37; *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) ("A party has a general right to compel any person to appear

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 9

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

at a deposition, through issuance of a subpoena if necessary."). The Court should order him to appear for a deposition on a date selected by CIC.

**C. The Court Should Compel Campbell Walker to Fully Answer All of CIC's Discovery Requests**

Federal Rule 33(b) provides that, absent a stipulation or Court order, the party responding to interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(1). The Rule goes on to mandate that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Federal Rule 34(b) contains similar language regarding the production of documents. Fed. R. Civ. P. 34(b)(2)(A), (C).

Again, in the face of compulsory discovery obligations, Mr. Walker has provided no response and made no motion carrying the "heavy burden" of making a "strong showing" why discovery should be denied. *Blankenship,* 519 F.2d at 429. His counsel's purported decision to selectively withdraw (after the responses were due) provides no excuse: The law does not countenance untimely responses "because of poor planning or because of gross indifference to the time requirements clearly enunciated in the Federal Rules of Civil Procedure." *E.E.O.C. v. Jordan Graphics, Inc.*, 135 F.R.D. 126, 128 (W.D.N.C. 1991); *see Lim v. Franciscan Health Sys.*, C06-5191 FDB, 2006 WL 3544605, at *1 (W.D. Wash. Dec. 8, 2006).

Upon these facts, Federal Rule 37 authorizes an order compelling discovery and imposing sanctions. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). And, where a party has completely failed to respond with any objections by the due date, the Court's order may deem objections waived and compel full and complete disclosure. Fed. R. Civ. P. 33(b)(4), 34(b)(2)(C); *Lim*, 2006 WL 3544605, at *1 ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citing *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 10

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

(9th Cir. 1992)); *see Wanderer v. Johnston,* 910 F.2nd 652, 654 (9th Cir. 1990) (party waived objections by failure to make timely objections or seek protective order). On the facts presented, the Court should order Mr. Walker to make a full and complete answer to all of CIC's Discovery Requests without further delay.

**D. The Court Should Sanction Campbell Walker for His Discovery Misconduct, Including an Award of Fees and Costs incurred by CIC in Moving to Compel**

The Federal Rules "give[] the district court a veritable arsenal of sanctions" for a party's failure to respond or object to interrogatories and requests for production or appear for a deposition. *Crispin-Taveras v. Municipality of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011). At the very least, the Federal Rules provide that a "court ***must*** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified . . . ." Fed. R. Civ. P. 37(d)(3) (emphasis added). These sanctions are "'self-executing,' 'automatic[,]' " and designed to " 'provide[] a strong inducement for disclosure of material[.]" *BWP Media USA Inc. v. Rich Kids Clothing Co., LLC*, C13-1975-MAT, 2015 WL 347197, at *2 (W.D. Wash. Jan. 23, 2015) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Sanctions provide "a useful remedy when a litigant is confronted by an obstructionist adversary," and the sanctions "play[] a constructive role in maintaining the orderly and efficient administration of justice." *Crispin-Taveras*, 647 F.3d at 7.

To avoid sanctions for failing to provide discovery, Mr. Walker must establish that he had a "substantial justification" for his failure to respond and that any late disclosure is "harmless." *Yeti,* 259 F.3d at 1107; *BWP Media USA Inc.*, 2015 WL 347197, at *2; *Lim*, 2006 WL 3544605, at *2. Personal or logistical difficulties "do not provide good cause for a total lack of compliance with discovery rules." *Lim*, 2006 WL 3544605, at *2. Similarly, allegations that discovery requests are "objectionable" does not constitute substantial justification. Fed. R. Civ. P. 37(d)(2); *see Mathews v. Cty. of Butte*,

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 11

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

CIVS060286GEBJFMP, 2008 WL 1767013, at *3 (E.D. Cal. Apr. 15, 2008). Despite being offered the opportunity, Mr. Walker has not raised any "substantial justification" for his failure to respond or appear.

Further, the Court has already acknowledged that fee shifting is appropriate in favor of CIC as to the merits of this case. Dkt. 232. CIC is thus similarly entitled to fee shifting for all collection-related work. Sanctions, including sanctions beyond simple fee-shifting, are proper here.[3]

## VI. CONCLUSION

For the reasons stated above, CIC respectfully requests that the Court (1) compel Campbell Walker to appear for a deposition, (2) compel full and complete disclosure in response to CIC's Discovery Requests—Campbell Walker's objections having been waived—and (3) impose just and proper sanctions, including an award of fees and costs.

DATED this 3rd day of November, 2016.

McNAUL EBEL NAWROT & HELGREN PLLC

By: s/Malaika M. Eaton
    Malaika M. Eaton, WSBA No. 32837
    Claire Martirosian, WSBA No. 49528

600 University Street, Suite 2700
Seattle, Washington 98101-3143
Telephone (206) 467-1816
Facsimile (206) 624-5128
meaton@mcnaul.com
cmartirosian@mcnaul.com

Attorneys for Campbell Investment Company

---

[3] Sanctions are further appropriate for Mr. Walker's obstruction of CIC's attempts to meet-and-confer. LCR 37(a)(1); Fed. R. Civ. P. 11.

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 12

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who receives CM/ECF notification.

DATED: November 3, 2016.

By:   s/Malaika M. Eaton
       Malaika M. Eaton, WSBA No. 32837

PL'S MOT. TO COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 13

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816