UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RRW LEGACY MANAGEMENT GROUP, INC., a Washington corporation, and ANTOINETTE WALKER, individually and as a Limited Partner of Argyll Limited Partnership,<br><br>                    Plaintiffs,<br><br>    v.<br><br>CAMPBELL WALKER,<br><br>                    Defendant. | No. 2:14-cv-00326MJP (Consolidated with 2:14-cv-1544)<br><br>DECLARATION OF MALAIKA M. EATON IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND/OR FOR SANCTIONS<br><br>**NOTE ON MOTION CALENDAR: FRIDAY, NOVEMBER 18, 2016 Without Oral Argument** |
| CAMPBELL INVESTMENT COMPANY, a Washington corporation,<br><br>                    Plaintiff,<br><br>    v.<br><br>CAMPBELL M. WALKER, a foreign individual,<br><br>                    Defendant. | |

DECL. OF M. M. EATON ISO PLS.' MOT. TO
COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 1

I, MALAIKA M. EATON, declare under penalty of perjury of the laws of the United States of America and State of Washington that the following statements are true and correct and based on personal knowledge:

1.      I am over the age of 18 and competent to testify to the matters set forth herein.  This declaration is made in support of Plaintiff's Motion to Compel and/or for Sanctions.

2.      Attached hereto and incorporated by reference in Plaintiff's Motion to Compel and/or for Sanctions are true and correct copies of the following:

| | |
|---|---|
| Exhibit A: | Email from Bradley R. Duncan to me, dated November 2, 2016; |
| Exhibit B: | Judgement Creditor CIC's First Post-Judgment Interrogatories and Requests for Production of Documents to Judgment Debtor Campbell M. Walker, dated September 26, 2016; |
| Exhibit C: | Notice of Deposition of Judgment Debtor Campbell M. Walker Pursuant to FRCP 30 and 69, dated September 26, 2016; and |
| Exhibit D: | Deposition Statement of Nonappearance regarding Campbell M. Walker and exhibits, dated October 31, 2016. |

DATED this 3rd day of November, 2016, at Seattle, Washington.


By:  s/Malaika M. Eaton
     Malaika M. Eaton, WSBA No. 32837

DECL. OF M. M. EATON ISO PLS.' MOT. TO
COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who receives CM/ECF notification.

DATED: November 3, 2016.

By: _s/Malaika M. Eaton_____
Malaika M. Eaton, WSBA No. 32837

DECL. OF M. M. EATON ISO PLS.' MOT. TO
COMPEL AND/OR FOR SANCTIONS
(Consol. No. 2:14-cv-00326MJP) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3269-001 fj283041wf 2016-11-03

Exhibit A

| | |
|---|---|
| **From:** | Bradley R. Duncan |
| **To:** | Malaika Eaton |
| **Cc:** | Josh Rataezyk; Robin Lindsey; Claire Martirosian |
| **Subject:** | Re: CIC v. Walker -- Deposition Noticed for 10/31 |
| **Date:** | Wednesday, November 02, 2016 11:00:02 AM |

Malaika -

With all professional respect, we don't owe you an explanation of the details. Mr. Walker has chosen to discharge our firm in the District Court cases. Under RPC 1.16, that discharge prevents our continuing to represent Mr. Walker in that matter, including on discovery issues. At that same time, the District Court's local rules require that we obtain leave before our appearance in that proceeding is terminated. We have filed an appropriate motion. The comments to RPC 1.16 make clear that the identification of professional considerations will constitute a sufficient explanation to the tribunal for these purposes (bearing in mind a lawyer's ongoing duty of confidentiality) and our motion reflects that. Whether you find this explanation satisfying for your purposes is not material.

Bradley R. Duncan
Hillis Clark Martin & Peterson P.S.
999 Third Avenue | Suite 4600 | Seattle, WA 98104
d: **206.470.7625** | 206.623.1745 | f: 206.623.7789
bradley.duncan@hcmp.com | www.hcmp.com | vCard

---

**From:** Malaika Eaton
**Date:** Tuesday, November 1, 2016 at 8:19 PM
**To:** Bradley Duncan
**Cc:** Josh Rataezyk, Robin Lindsey, Claire Martirosian
**Subject:** RE: CIC v. Walker -- Deposition Noticed for 10/31

Brad – You and Josh are counsel of record for Mr. Walker. The Court has not considered (let alone granted) your motion to withdraw and, as you confirmed, you intend to remain counsel for Mr. Walker relating to this case (e.g., the appeal), among other things, even should the Court grant your motion. I do not agree that you have explained anything on this, as your motion and email below provide very little in the way of actual information. Given this, I will proceed on the assumption that Mr. Walker has directed you to refuse to meet and confer. If that is incorrect, please provide a time you or Josh are available to meet and confer tomorrow.

Regards,

Malaika

**From:** Bradley R. Duncan [mailto:bradley.duncan@hcmp.com]
**Sent:** Tuesday, November 01, 2016 3:09 PM
**To:** Malaika Eaton
**Cc:** Josh Rataezyk; Robin Lindsey; Claire Martirosian
**Subject:** Re: CIC v. Walker -- Deposition Noticed for 10/31

Malaika-

As explained in the Motion we filed yesterday, professional considerations have arisen that caused Mr. Walker to discharge our firm as his counsel in the District Court proceedings. We do not consider ourselves to be authorized to speak on his behalf on any discovery-related issue.

Brad

Bradley R. Duncan
Hillis Clark Martin & Peterson P.S.
999 Third Avenue | Suite 4600 | Seattle, WA 98104
d: **206.470.7625** | 206.623.1745 | f: 206.623.7789
bradley.duncan@hcmp.com | www.hcmp.com | vCard

**From:** Malaika Eaton
**Date:** Tuesday, November 1, 2016 at 9:06 AM
**To:** Bradley Duncan
**Cc:** Josh Rataezyk, Robin Lindsey, Claire Martirosian
**Subject:** RE: CIC v. Walker -- Deposition Noticed for 10/31

Brad — we have not received any responses to the discovery requests issued to Mr. Walker, which are now overdue. If they have been sent, please let me know. If not, please provide a time either today or tomorrow when you or Josh can be available for a meet and confer.

Regards,

Malaika

**From:** Bradley R. Duncan [mailto:bradley.duncan@hcmp.com]
**Sent:** Friday, October 28, 2016 12:03 PM
**To:** Malaika Eaton
**Cc:** Josh Rataezyk; Robin Lindsey; Claire Martirosian
**Subject:** Re: CIC v. Walker -- Deposition Noticed for 10/31

Malaika-

This will confirm, again, that neither Mr. Walker nor I will be at your offices on Monday morning.

**Bradley R. Duncan**
Hillis Clark Martin & Peterson P.S.
999 Third Avenue | Suite 4600 | Seattle, WA 98104
d: **206.470.7625** | 206.623.1745 | f: 206.623.7789
bradley.duncan@hcmp.com | www.hcmp.com | vCard

---

**From:** Malaika Eaton
**Date:** Thursday, October 27, 2016 at 9:37 PM
**To:** Bradley Duncan
**Cc:** Josh Rataezyk, Robin Lindsey, Claire Martirosian
**Subject:** RE: CIC v. Walker -- Deposition Noticed for 10/31

Brad – there is clearly much on which we disagree.  For instance, your suggestion that requiring CIC to allow Mr. Walker to have an ongoing role in the business after his long-standing breaches of fiduciary duties to the company and its shareholders is "sensible" truly baffling.  Further, your remaining suggestions about settlement and CIC are not accurate.  We advised that we were open to discussing payment of the judgment over time, which you rejected unless your client was permitted to use CIC itself to do so.  The one thing on which it appears we both agree is that your client has not paid a single dime toward the judgment amount.

As for Mr. Walker's deposition, given that your client is apparently unwilling to provide even the basic information necessary for me to re-note his deposition (such as what the nature of his claimed unavailability is and assurances that he has not and will not use the additional time to hide assets that should be used to pay the judgment against him), the deposition will go forward.  I certainly agree that you cannot disclose information to me without Mr. Walker's consent – the problem apparently lies with the fact that it is clear from your email below that your client is refusing to allow you to provide this necessary information (none of which relates to the content of any advice he may or may not have received from counsel).  That refusal speaks volumes about what is really going on.  We will seek appropriate relief if Mr. Walker refuses to attend his properly noticed deposition.

If you want to provide us with a proposal on a bond or even some other appropriate form of security, we will listen.

Regards,

Malaika

---

**From:** Bradley R. Duncan [mailto:bradley.duncan@hcmp.com]
**Sent:** Thursday, October 27, 2016 12:25 PM
**To:** Malaika Eaton
**Cc:** Josh Rataezyk; Robin Lindsey; Claire Martirosian
**Subject:** Re: CIC v. Walker -- Deposition Noticed for 10/31

Malaika-

I reiterate that I have been told that Mr. Walker will not be there. I have been asked to communicate that to you, and I have done so. You can "expect him to attend" if you wish, but that expectation makes no sense in light of what you are being told. If your intention is to commence the deposition on Monday knowing that nobody will be there, you will be wasting your time and running up expense for no purpose.

In terms of my supposed "refusal" to answer your questions, I told you in the prior message that I had given you all of the information I am authorized to provide. If you have authority for the proposition that you have some right to demand of me in this context the disclosure of client confidences, including privileged information, please share that authority.

As for Mr. Walker's suggestion about CIC, I have no idea how it was communicated to you, but the point was simply to suggest that Mr. Walker put his knowledge of the market and his years of experience operating the company to the benefit of CIC and its stakeholders. CIC is effectively moribund right now, and functions as little more than a litigation vehicle. It occurred to Mr. Walker that a suggestion that he might contribute, with complete transparency in every way, to the generation of new, productive business for CIC, with what otherwise would be his share of that value being applied to the judgment on some terms, might be a way to move the parties together, or at least in a similar direction. It was not about regaining control of CIC. You shot that perfectly sensible suggestion down without even considering how it might be made workable, or part of a broader resolution. Was this even presented to CIC's shareholders? It seems hard to believe that they would not consider using CIC to generate some value for their benefit to be better than the current circumstance. In any event, please do not accuse Mr. Walker of "making no effort" to work toward a resolution. He is the only one who has made an effort at this point, as we have heard nothing from CIC but a demand that the entire judgment be paid in full right now.

Finally, as far as a bond is concerned, I do not understand your remarks. You have been told that a bond for the full amount of the judgment is cost-prohibitive. You then say that you are willing to listen to a proposal that "ensures CIC's interests are fully protected." CIC's interests will be "fully protected" only if a bond for the full amount of the judgment is delivered, which cannot happen. If CIC is prepared to accept a lesser bond amount (bearing in mind that any supersedeas bond here apparently will require full cash collateralization), let us know, and we can actually engage in real conversations about the issue.

Brad


Bradley R. Duncan
Hillis Clark Martin & Peterson P.S.
999 Third Avenue | Suite 4600 | Seattle, WA 98104
d: **206.470.7625** | 206.623.1745 | f: 206.623.7789
bradley.duncan@hcmp.com | www.hcmp.com | vCard

---

**From:** Malaika Eaton
**Date:** Wednesday, October 26, 2016 at 8:57 PM

**To:** Bradley Duncan
**Cc:** Josh Rataezyk, Robin Lindsey, Claire Martirosian
**Subject:** RE: CIC v. Walker -- Deposition Noticed for 10/31

Brad – Given your refusal to answer any of the questions below and the belated nature of this request, I cannot re-note your client's deposition and we expect him to attend. If you reconsider providing this information, let me know as soon as possible. Regarding the judgment, your client has not paid a single dime toward it and the only proposal he has made is to allow him to use CIC, the subject of his breaches of fiduciary duty, to satisfy his obligations to CIC. That is clearly a non-starter. If you have alternate proposals for an appropriate bond that ensures CIC's interests are fully protected, we are certainly willing to listen.

Regards,

Malaika

---

**From:** Bradley R. Duncan [mailto:bradley.duncan@hcmp.com]
**Sent:** Wednesday, October 26, 2016 12:00 PM
**To:** Malaika Eaton
**Cc:** Josh Rataezyk; Robin Lindsey; Claire Martirosian
**Subject:** Re: CIC v. Walker -- Deposition Noticed for 10/31

Malaika-

You have all of the information I am authorized to give you at this point. Whether you renote the deposition or not, I am telling you that I have been advised that Mr. Walker will not be here on October 31, which in any event is a date CIC chose without consulting with Mr. Walker or anyone acting on his behalf.

Your suggestion that Mr. Walker has made no effort to discuss ways of working toward a resolution of the judgment is not correct. Mr. Walker raised a potential framework for resolution in discussions with Mr. Goelz over the past few weeks, but was told that your client had no interest in it. As far as a bond is concerned, he has not obtained one because the cost of bonding the entire amount of the judgment is prohibitive. We have been given no reason to think that your client would be open to discussing alternative bond structures. If it is, let us know.

Brad


Bradley R. Duncan
Hillis Clark Martin & Peterson P.S.
999 Third Avenue | Suite 4600 | Seattle, WA 98104
d: **206.470.7625** | 206.623.1745 | f: 206.623.7789
bradley.duncan@hcmp.com | www.hcmp.com | vCard

---

**From:** Malaika Eaton <MEaton@mcnaul.com>

**Date:** Tuesday, October 25, 2016 at 8:55 PM
**To:** "Bradley R. Duncan" <bradley.duncan@hcmp.com>
**Cc:** Josh Rataezyk <josh.rataezyk@hcmp.com>, Robin Lindsey <RLindsey@mcnaul.com>, Claire Martirosian <CMartirosian@mcnaul.com>
**Subject:** RE: CIC v. Walker -- Deposition Noticed for 10/31

Brad – It is disconcerting to hear this only now, considering that this deposition has been noted for next week for almost a month.  Please provide alternative dates for the deposition that Mr. Walker is prepared to attend and let me know when Mr. Walker first sought advice on issues relating to his appearance and the name of the lawyer he is consulting.  To the extent Mr. Walker is now contending that he does not have an obligation to appear for his deposition, please provide any authority for that position.  Please also provide appropriate assurances that he has not taken any steps (and will not in the time before he is deposed) to move, hide, or otherwise impair assets that could be used to satisfy the judgment.

In light of (among other things) the fact that your client has made no effort to discuss ways of working toward satisfying the judgment or obtaining a bond, I will need all of this information in order to consider whether to re-note Mr. Walker's deposition.

Regards,

Malaika

---

**From:** Bradley R. Duncan [mailto:bradley.duncan@hcmp.com]
**Sent:** Tuesday, October 25, 2016 11:27 AM
**To:** Malaika Eaton
**Cc:** Josh Rataezyk
**Subject:** CIC v. Walker -- Deposition Noticed for 10/31

Malaika-

The purpose of this email is to inform you that Mr. Walker will not be appearing at your offices for a deposition on October 31.  He is not available on that date, and is more generally seeking  advice from separate counsel on issues relating to an appearance here for the purpose of being deposed.  You will be informed of his position on that once it is finalized.

Brad

Bradley R. Duncan
Hillis Clark Martin & Peterson P.S.
999 Third Avenue | Suite 4600 | Seattle, WA 98104
d: **206.470.7625** |  206.623.1745 | f: 206.623.7789
bradley.duncan@hcmp.com | www.hcmp.com | vCard

Exhibit B

1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
8    AT SEATTLE

9    RRW LEGACY MANAGEMENT
     GROUP, INC., a Washington corporation,          No. 2:14-cv-00326-MJP
10   and ANTOINETTE WALKER, individually             (Consolidated with 2:14-cv-1544)
     and as a Limited Partner of Argyll Limited
11   Partnership,                                     JUDGMENT CREDITOR CIC'S
                                                      FIRST POST-JUDGMENT
12                          Plaintiffs,               INTERROGATORIES AND
                                                      REQUESTS FOR PRODUCTION OF
13          v.                                        DOCUMENTS TO JUDGMENT
                                                      DEBTOR CAMBPELL M. WALKER
14   CAMPBELL WALKER,

15                          Defendant.

16
     _____
17   CAMPBELL INVESTMENT COMPANY,
     a Washington corporation,
18
                            Plaintiff,
19
            v.
20
     CAMPBELL M. WALKER, a foreign
21   individual,

22                          Defendant.

23

24

25

26

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

TO:     CAMPBELL M. WALKER, Defendant/Judgment Debtor

AND TO:     BRADLEY DUNCAN, JOSHUA RATAEZYK, and Hillis Clark Martin & Peterson, P.S., Attorneys for Defendant/Judgment Debtor

Pursuant to Civil Rules 26, 33, 34 and 69, Plaintiff Campbell Investment Company ("Judgment Creditor" or "CIC") requests that Defendant Campbell M. Walker ("Judgment Debtor" or "Mr. Walker"), through his counsel, answer the following Interrogatories and Requests for Production, separately and fully, under oath, within thirty (30) days of the service of these discovery requests and deliver them to McNaul Ebel Nawrot & Helgren PLLC, Attention Malaika M. Eaton, 600 University Street, Suite 2700, Seattle, Washington 98101.

## INSTRUCTIONS

1.     In answering these requests, furnish all information known by you or available to you, regardless of the source of the information or whether the information is obtained directly by you or through your attorneys, agents, or other representatives.

2.     If you cannot answer any request in full after exercising due diligence to secure the information necessary to do so, please so state, specifying the reasons for your inability to answer in full and nonetheless answer the request to the fullest extent possible.

3.     These requests shall be deemed continuing pursuant to CR 26, and supplemental answers and responses are required if you obtain, directly or indirectly, further information of the nature sought herein between the time responses are served and the thirty (30) days following.

4.     If you object to any of these requests, in whole or in part, state your objection(s) and state all factual and legal justifications that you believe support your objection.

5.     If you claim any privilege (either alone or in conjunction with other objections) with respect to any information called for by a request or any part thereof, describe the factual basis for your claim of privilege in sufficient detail so as to permit a

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

court to adjudicate the validity of the claim. If you claim a privilege with regard to any information called for by a request, any particular documents called for by a request, or any part thereof, you should nevertheless respond to the request to the extent that it calls for information or documents or portions of documents as to which you do not claim a privilege.

## DEFINITIONS

As used in these discovery requests, the following words and phrases shall have the following meanings:

1.     "Document" means all writings or tangible records of every kind, including, but not limited to, purchase or rental orders, letters, telegrams, memoranda, reports, calendar or diary entries, pamphlets, drafts, drawings, notes, charts, pleadings, wills, tabulations, analyses, statistical or information accumulations, accounting records of any kind, financial statements, banking records of all kinds, canceled checks, loan applications, contracts, agreements, electronic mail, faxes, publications, books, records of meetings or communications of any kind, photographs, film impressions, magnetic tape, disk or diskette, sound or mechanical reproductions, data stored on "hard-disk" drives, "flash" drives or CD-ROM, video or audio tapes or cassettes, and copies as well as originals of documents (provided, however, that documents which are identical duplicates of other documents which have been or are being produced for inspection and copying in this action need not be produced if no handwritten or "blind" notes appear thereon or are attached thereto), whether in your possession, custody, or control that might reasonably be located through a search of all locations likely to contain such documents.

2.     "Person" means any natural person or any other legal entity.   Any reference to any person, entity or corporation includes that person's parent corporation, subsidiaries, affiliates, predecessors, directors, officers, employees, agents, attorneys, assigns and any other person or entity acting on behalf of said person.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1       3.     Any reference to "you" or "your" refers to Campbell M. Walker.

2       4.     "Related to" or "relating to" shall mean directly or indirectly mentioning or

3   describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

4       5.     The term "identify" means:

5           a.     When used with respect to an individual, to state the person's full

6   name, present position and business affiliation, if known; affiliations, if any, with any

7   party hereto, and if such person is not now a principal, partner, foreman, employee, agent

8   or officer or a party, the person's present home address, business address and telephone

9   numbers;

10          b.     When used with respect to a document, to state the date of

11  origination or, in the case of a communication, the date of transmittal; the author and

12  addressees; the type of document (i.e., "letter") and its last-known custodian and location;

13          c.     When used with respect to a communication other than a document,

14  to state the person(s) who participated in or were present during the communication, the

15  date of the communication, the substance of the communication, and the form of

16  communication (e.g., "telephone," "in person," etc.); and

17          d.     When used with respect to a business entity, to state its complete

18  name and its principal place of business.

19      6.     The term "describe" means to provide a narrative statement of description,

20  phrased in specifics, of the facts or matters to which the interrogatories have a reference

21  including, but not limited to: identification of all persons; conversations; transactions;

22  events; agreements; recommendations and documents necessary or desirable to make such

23  statement or description complete; and specification of the dates and times of all

24  occurrences.

25      7.     The term "communication" means the expression or exchange of

26  information through speech, writing or gestures, including without limitation through any

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Document, as that term is defined herein.

8. "Judgment Debtor" refers to Campbell M. Walker.

9. "Judgment Creditor" refers to Campbell Investment Company.

10. "Judgment" shall mean the Judgment entered on July 28, 2016 in favor of CIC against Campbell M. Walker under Case No. 2:14-cv-00326-MJP.

11. "Lawsuit" shall mean the civil proceeding consolidated under United States District Court for the Western District of Washington Case No. 2:14-cv-00326-MJP.

The singular form of a word should be interpreted as plural and the plural as singular as necessary to bring within the scope of any interrogatory which otherwise would not be construed to be within the scope of the interrogatory.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1:** Please state your full name, including any aliases used, and your current contact information, including but not limited to, your primary residence address, any post office box address, cell phone number, home phone number, fax number, and email addresses.

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify the name, principal place of business, address and tax identification number, for any and all entities, corporations, organizations, funds, trusts, or businesses in which you have any type of ownership or interest, including but not limited to controlling or beneficial interests and including but not limited to any trusts you have settled, including, but not limited to, McVay Energy

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1   LLC, Hibernia Worldwide Limited, Darshan League Limited, Caledonian Trust PLC,

2   Caledonia Charitable Reminder Trust, and Fitzwilliam Holding Company.

3     **ANSWER:**

4

5

6

7

8

9     **REQUEST FOR PRODUCTION NO. 1:** Produce a copy of any and all

10   organizational documents, formation documents, incorporation documents, minutes and

11   resolutions, bylaws, shareholder agreements, operating agreements, stock registers, the

12   most recently filed tax return, the most recent profit and loss statement and the most

13   recent balance sheet for any and all entities, corporations, organizations, funds, trusts, or

14   businesses identified in response to Interrogatory No. 2, if any.

15     **RESPONSE:**

16

17

18     **INTERROGATORY NO. 3:** Identify each piece of real property in which you

19   have any type of ownership or interest, and for each property, list the property address,

20   parcel number, any co-owners, the assessed value of the property, and any liens or

21   encumbrances against the property.

22     **ANSWER:**

23

24

25

26

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    **REQUEST FOR PRODUCTION NO. 2:**  Produce a copy of any and all deeds,

2    bills of sale, excise tax affidavits, loan documents, deeds of trust, or other transfer

3    documents not specifically listed herein, evidencing your interest in and any secured

4    obligations on any and all pieces of property identified in Interrogatory No. 3, if any.

5    **RESPONSE:**

6

7

8    **INTERROGATORY NO. 4:**  Identify any and all checking accounts, savings

9    accounts, investment accounts, retirement accounts, and any other financial accounts not

10   specifically listed herein, in either your name or in the name of any other entity or

11   individual that is holding any money on behalf of or for you, listing for each account: the

12   account number, the account holder(s), the name and address of the financial institution

13   with which said account is held and the balance of funds in the account.

14   **ANSWER:**

15

16

17

18

19

20   **REQUEST FOR PRODUCTION NO. 3:**  Produce a copy of any and all bank

21   statements, check registers, bank books, ledgers and any other documentation not

22   specifically identified herein for any and all accounts identified in response to

23   Interrogatory No. 4, if any, for the last two (2) years.

24   **RESPONSE:**

25

26

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**INTERROGATORY NO. 5:** Please identify all sources of income, including but not limited to, wages, salary, fees, commissions, bonuses, stipends, dividends, investment gains, gifts, inheritance, pension, disability, retirement, business, from which you received income in the last two (2) years, and for each listed source state the source name, source address, source telephone number, the type of income received.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 4:** Produce a copy of any and all statements of income, wages, salary, fees, dividends, investment gains, gifts, inheritance, bonuses, commissions earned, including but not limited to, checks, funds transfer confirmation/receipts, wage stubs and/or payroll slips and any and all other proof of income for funds that you received in from any and all sources identified in response to Interrogatory No. 5, if any, for the last two (2) years.

**RESPONSE:**

**INTERROGATORY NO. 6:** Please identify any and all personal property owned by you, directly or indirectly, with a value in excess of $1,000, including but not limited to, shares of stock, vehicles, boats, airplanes, life insurance policies, contracts that give rise to payment or the right to payment, jewelry, art, furniture, antiques, and any other property not specified herein, and for each piece of property, list: the item description, the item value, any co-owners, the location of the property, and any liens and

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1   encumbrances on the property.

2          **ANSWER:**

3

4

5

6

7

8          **REQUEST FOR PRODUCTION NO. 5:**  Produce a copy of any and all stock

9   certificates, contracts, titles to vehicles, including boats and airplanes, life insurance

10  policies and any other documents evidencing your ownership or interest in and any liens

11  or encumbrances on any and all pieces of property identified in response to Interrogatory

12  6, if any.

13         **RESPONSE:**

14

15

16         **INTERROGATORY NO. 7:**  Please identify any and all transfers of real or

17  personal property from yourself or any entity controlled by you to anyone, whether a

18  business entity or individual, including but not limited to any loans or gifts from any

19  entity made to you or for your use in the last two (2) years.

20         **ANSWER:**

21

22

23

24

25

26

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

| | |
|---|---|
| 1 | **REQUEST FOR PRODUCTION NO. 6:** Produce a copy of any and all records |
| 2 | relating to any and all transfers of real or personal property listed in response to |
| 3 | Interrogatory 7, if any. |
| 4 | **RESPONSE:** |
| 5 | |
| 6 | |
| 7 | **REQUEST FOR PRODUCTION NO. 7:** Produce copies of any and all income |
| 8 | tax returns for the last four (4) years, including all income tax returns for any business in |
| 9 | your name or in which you hold an interest. |
| 10 | **RESPONSE:** |

INTERROGATORIES AND REQUESTS FOR PRODUCTION DATED
September 26, 2016.

McNAUL EBEL NAWROT & HELGREN PLLC

By: _Malaika M. Ea_____

Malaika M. Eaton, WSBA No. 32837
meaton@mcnaul.com

600 University Street, Suite 2700
Seattle, WA 98101
Telephone (206) 467-1816
Facsimile (206) 624-5128

Attorneys for Plaintiff/Judgment Creditor
Campbell Investment Company, Inc.

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

ANSWERS AND RESPONSES DATED October _____, 2016.

HILLIS CLARK MARTIN & PETERSON, P.S.

By: _____
        Bradley R. Duncan, WSBA No. 36436
        Joshua Rataezyk, WSBA No. 33046

999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone (206) 623-1745
Facsimile (206) 623-7789
Bradley.duncan@hcmp.com
Josh.rataezyk@hcmp.com

Attorneys for Defendant/Judgment Debtor
Campbell Walker

## ATTORNEY'S CERTIFICATE

The undersigned attorney for defendant has read the foregoing responses to these requests and hereby certifies they are in compliance with CR 26(g).

DATED this _____ day of October, 2016.

HILLIS CLARK MARTIN & PETERSON, P.S.

By: _____
        Bradley R. Duncan, WSBA No. 36436
        Joshua Rataezyk, WSBA No. 33046

999 Third Avenue, Suite 4600
Seattle, Washington 98104
Telephone (206) 623-1745
Facsimile (206) 623-7789
Bradley.duncan@hcmp.com
Josh.rataezyk@hcmp.com

Attorneys for Defendant/Judgment Debtor
Campbell Walker

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1

## VERIFICATION

2  STATE OF                          )
3                                    ) ss
   COUNTY OF                         )

4
5        CAMPBELL M. WALKER, being first duly sworn on oath, deposes and says:

6        I am the defendant in the above-captioned matter and have read the answers,
   responses, and objections to Judgment Creditor CIC's First Post-Judgment Interrogatories
7  and Requests for Production of Documents to Judgment Debtor Campbell M. Walker,
   know the contents thereof, and believe the same to be true and correct.

8
9                                    _____
                                     Campbell M. Walker

10       SUBSCRIBED AND SWORN TO before me this _____ day of
11 October, 2016, by Campbell M. Walker.

12
13                                   _____
                                     Printed Name _____
14                                   NOTARY PUBLIC in and for the State of
                                     _____, residing at _____
15                                   My commission expires _____

16
17
18
19
20
21
22
23
24
25
26

J/CREDITOR CIC'S 1ˢᵗ POST-JUDGMENT INTERROGS. &
REQS. FOR PROD. OF DOCS. TO J/DEBTOR WALKER
(Consol. No. 2:14-cv-00326BJR) – Page 12

LAW OFFICES OF
McNaul Ebel Nawrot & Helgren pllc
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3269-001 fi023303ff.002 2016-09-26

Exhibit C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RRW LEGACY MANAGEMENT GROUP, INC., a Washington corporation, and ANTOINETTE WALKER, individually and as a Limited Partner of Argyll Limited Partnership, | No. 2:14-cv-00326-MJP (Consolidated with 2:14-cv-1544) |
| Plaintiffs, | NOTICE OF DEPOSITION OF JUDGMENT DEBTOR CAMPBELL M. WALKER PURSUANT TO FRCP 30 AND 69 |
| v. | |
| CAMPBELL WALKER, | |
| Defendant. | |
| CAMPBELL INVESTMENT COMPANY, a Washington corporation, | |
| Plaintiff, | |
| v. | |
| CAMPBELL M. WALKER, a foreign individual, | |
| Defendant. | |

TO:          CAMPBELL M. WALKER, Defendant/Judgment Debtor

AND TO:   BRADLEY DUNCAN, JOSHUA RATAEZYK, and Hillis Clark Martin &
             Peterson, P.S., Attorneys for Defendant/Judgment Debtor

        PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30 and 69 the testimony

of Defendant Campbell M. Walker ("Judgment Debtor") will be taken upon oral

NOTICE OF DEPOSITION OF JUDGMENT DEBTOR
CAMPBELL M. WALKER PURSUANT TO FRCP 30 & 69
(Consol. No. 2:14-cv-00326MJP) – Page 1

examination at the instance and request of Plaintiff Campbell Investment Company

("Judgment Creditor") in the above-entitled matter before a Notary Public at the date, time

and place as set forth below. Said oral examination will be recorded by stenographic

means.

This deposition is being taken for the purpose of discovery, to be used in aid of

execution of the Judgment held by Judgment Creditor against Judgment Debtor, or for

such other purposes as are permitted under the Federal Rules of Civil Procedure.

| | |
|---|---|
| **DEPONENT:** | **CAMPBELL M. WALKER** |
| **DATE:** | **Monday, October 31, 2016** |
| **TIME:** | **9:30 A.M.** |
| **LOCATION:** | **McNaul Ebel Nawrot & Helgren PLLC**<br>**600 University Street, Suite 2700**<br>**Seattle, Washington 98101** |

The deposition is subject to continuance or adjournment from time to time or place

until completed.

DATED THIS 26th day of September, 2016.

McNAUL EBEL NAWROT & HELGREN PLLC

By: *Malaika M. Eaton*

Malaika M. Eaton, WSBA No. 32837
meaton@mcnaul.com

600 University Street, Suite 2700
Seattle, WA 98101
Telephone (206) 467-1816
Facsimile (206) 624-5128

Attorneys for Plaintiff/Judgment Creditor
Campbell Investment Company, Inc.

NOTICE OF DEPOSITION OF JUDGMENT DEBTOR
CAMPBELL M. WALKER PURSUANT TO FRCP 30 & 69
(Consol. No. 2:14-cv-00326MJP) – Page 2

3269-001 fl023803c7 2016-09-26

Exhibit D

# Deposition of Statement of Nonappearance regarding Campbell M. Walker

# RRW Legacy Management Group, Inc., et al. v. Walker, et al.

# October 31, 2016



1325 Fourth Avenue • Suite 1840 • Seattle, Washington 98101

**206.287.9066**
www.buellrealtime.com

Olympia | 360.534.9066    Spokane | 509.624.3261    National | 800.846.6989

email: info@buellrealtime.com

RRW Legacy Management Group, Inc., et al. v. Walker, et al.          Statement of Nonappearance regarding Campbell M. Walker

Page 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

_____

| | |
|---|---|
| RRW LEGACY MANAGEMENT GROUP, INC., a Washington corporation, and ANTOINETTE WALKER, individually and as a Limited Partner of Argyll Limited Partnership, | ) ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | )No. |
| | )2:14-cv-00326 |
| CAMPBELL WALKER, | )MJP |
| | )Consolidated |
| Defendant. | )With |

_____  2:14-cv-1544

| | |
|---|---|
| CAMPBELL INVESTMENT COMPANY, a Washington corporation, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| CAMPBELL M. WALKER, a foreign individually, | ) ) ) |
| Defendant. | ) |

_____

STATEMENT OF NONAPPEARANCE

OF

CAMPBELL M. WALKER

_____

Taken at 600 University Street, Suite 2700

Seattle, Washington


DATE TAKEN:   October 31, 2016

REPORTED BY:  KATHLEEN HAMILTON, RPR, CRR, CCR 1917

BUELL REALTIME REPORTING, LLC
SEATTLE 206.287.9066  OLYMPIA 360.534.9066  SPOKANE 509.624.3261  NATIONAL 800.846.6989

Electronically signed by Kathleen Hamilton (601-303-787-8247)          42c368fd-ee65-4d91-adef-f09ef1edac7e

RRW Legacy Management Group, Inc., et al. v. Walker, et al.          Statement of Nonappearance regarding Campbell M. Walker

Page 2

1                    A P P E A R A N C E S

2
     FOR THE PLAINTIFF:
3
                         MALAIKA M. EATON
4                        McNaul Ebel Nawrot &
                         Helgren PLLC
5                        600 University Street
                         Suite 2700
6                        Seattle, Washington 98101
                         206.467.1816
7                        meaton@mcnaul.com

8

9

10

11

12                    *    *    *    *    *

13

14

15

16

17

18

19

20

21

22

23

24

25

Electronically signed by Kathleen Hamilton (601-303-787-8247)          42c368fd-ee65-4d91-adef-f09ef1edac7e

RRW Legacy Management Group, Inc., et al. v. Walker, et al.          Statement of Nonappearance regarding Campbell M. Walker

Page 3

1                    DEPOSITION OF CAMPBELL M. WALKER

2                           EXHIBIT INDEX

3     EXHIBITS FOR IDENTIFICATION                                    PAGE

4     1    Notice of Deposition of Judgment Debtor Campbell            4
           M. Walker Pursuant to FRCP 30 and 69
5     2    E-mail from Bradley R. Duncan to Malaika Eaton              4
           sent October 28, 2016
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Electronically signed by Kathleen Hamilton (601-303-787-8247)                    42c368fd-ee65-4d91-adef-f09ef1edac7e

RRW Legacy Management Group, Inc., et al. v. Walker, et al.          Statement of Nonappearance regarding Campbell M. Walker

Page 4

1          SEATTLE, WASHINGTON; OCTOBER 31, 2016

2                    9:32 a.m.

3                      -o0o-

4

5          (Exhibit Nos. 1-2 marked.)

6

7          MS. EATON:  All right.  This is Monday,

8    October 31st.  I have marked as Exhibit 1 the deposition

9    notice sent to judgment debtor Campbell Walker.

10          This deposition was properly noted about

11    five weeks ago, and over a month passed before we got

12    the first notification from counsel that Campbell Walker

13    would refuse to appear at his deposition.

14          I've marked as Exhibit 2 the e-mail exchange

15    between Brad Duncan, who's counsel for Mr. Walker, and

16    myself regarding this deposition.

17          But in sum, less than one week ago I got the

18    first notice from Mr. Walker that he would not attend

19    his deposition by e-mail from Brad Duncan.  I responded

20    with some questions that I needed to know in order to

21    consider whether to re-note the deposition.  Included

22    among those questions were the reason for Mr. Walker's

23    claimed unavailability, assurance that he was not using

24    the time to hide assets that could be used to satisfy

25    the judgment, and the name of the lawyer that Mr. Walker

Electronically signed by Kathleen Hamilton (601-303-787-8247)                    42c368fd-ee65-4d91-adef-f09ef1edac7e

RRW Legacy Management Group, Inc., et al. v. Walker, et al.          Statement of Nonappearance regarding Campbell M. Walker

Page 5

1    indicated he was consulting about whether to appear for

2    his deposition.

3              Mr. Walker apparently refused to provide

4    Mr. Duncan with authority to answer any of those

5    questions, so I was unable to re-note the deposition.

6    Mr. Walker also apparently has declined to seek any

7    relief from the court for this deposition.

8              I have informed Brad Duncan on several

9    occasions that the deposition would go forward, and

10   Mr. Walker has declined to appear without seeking relief

11   from the court for a properly noticed deposition.  We

12   have informed Mr. Walker that we will take appropriate

13   steps in light of Mr. Walker's refusal to appear for

14   this deposition.

15             Off the record.

16             (Deposition concluded at 9:34 a.m.)

17

18                        -o0o-

19

20

21

22

23

24

25

Electronically signed by Kathleen Hamilton (601-303-787-8247)                42c368fd-ee65-4d91-adef-f09ef1edac7e

RRW Legacy Management Group, Inc., et al. v. Walker, et al.          Statement of Nonappearance regarding Campbell M. Walker

Page 6

```
 1                    C E R T I F I C A T E

 2

 3    STATE OF WASHINGTON

 4    COUNTY OF KING

 5

 6         I, Kathleen Hamilton, a Certified Shorthand

 7    Reporter and Notary Public in and for the State of

 8    Washington, do hereby certify that the foregoing

 9    transcript of the deposition of CAMPBELL M. WALKER,

10    having been duly sworn, on OCTOBER 31, 2016, is true and

11    accurate to the best of my knowledge, skill and ability.

12         IN WITNESS WHEREOF, I have hereunto set my hand

13    and seal this 31ST day of OCTOBER, 2016.

14

15

16    _____

17         KATHLEEN HAMILTON, RPR, CRR, CCR

18

19

20

21

22

23

24

25
```

Electronically signed by Kathleen Hamilton (601-303-787-8247)          42c368fd-ee65-4d91-adef-f09ef1edac7e

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

RRW LEGACY MANAGEMENT
GROUP, INC., a Washington corporation,
and ANTOINETTE WALKER, individually
and as a Limited Partner of Argyll Limited
Partnership,

                              Plaintiffs,

       v.

CAMPBELL WALKER,

                              Defendant.

No. 2:14-cv-00326-MJP
(Consolidated with 2:14-cv-1544)

NOTICE OF DEPOSITION OF
JUDGMENT DEBTOR
CAMPBELL M. WALKER
PURSUANT TO FRCP 30 AND 69

CAMPBELL INVESTMENT COMPANY,
a Washington corporation,

                              Plaintiff,

       v.

CAMPBELL M. WALKER, a foreign
individual,

                              Defendant.

Exhibit ___1___
Witness ___Walker___
Date ___10-31-16___
Buell Realtime Reporting
(206) 287-9066

TO:        CAMPBELL M. WALKER, Defendant/Judgment Debtor

AND TO:    BRADLEY DUNCAN, JOSHUA RATAEZYK, and Hillis Clark Martin &
           Peterson, P.S., Attorneys for Defendant/Judgment Debtor

       PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30 and 69 the testimony

of Defendant Campbell M. Walker ("Judgment Debtor") will be taken upon oral

NOTICE OF DEPOSITION OF JUDGMENT DEBTOR
CAMPBELL M. WALKER PURSUANT TO FRCP 30 & 69
(Consol. No. 2:14-cv-00326MJP) – Page 1

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

examination at the instance and request of Plaintiff Campbell Investment Company ("Judgment Creditor") in the above-entitled matter before a Notary Public at the date, time and place as set forth below. Said oral examination will be recorded by stenographic means.

This deposition is being taken for the purpose of discovery, to be used in aid of execution of the Judgment held by Judgment Creditor against Judgment Debtor, or for such other purposes as are permitted under the Federal Rules of Civil Procedure.

| | |
|---|---|
| **DEPONENT:** | **CAMPBELL M. WALKER** |
| **DATE:** | **Monday, October 31, 2016** |
| **TIME:** | **9:30 A.M.** |
| **LOCATION:** | **McNaul Ebel Nawrot & Helgren PLLC**<br>**600 University Street, Suite 2700**<br>**Seattle, Washington 98101** |

The deposition is subject to continuance or adjournment from time to time or place until completed.

DATED THIS 26th day of September, 2016.

McNAUL EBEL NAWROT & HELGREN PLLC

By: *Malaika M. Eaton*

Malaika M. Eaton, WSBA No. 32837
meaton@mcnaul.com

600 University Street, Suite 2700
Seattle, WA 98101
Telephone (206) 467-1816
Facsimile (206) 624-5128

Attorneys for Plaintiff/Judgment Creditor
Campbell Investment Company, Inc.

NOTICE OF DEPOSITION OF JUDGMENT DEBTOR
CAMPBELL M. WALKER PURSUANT TO FRCP 30 & 69
(Consol. No. 2:14-cv-00326MJP) – Page 2

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3269-001 fl023803c7 2016-09-26

| | |
|---|---|
| **From:** | Bradley R. Duncan <bradley.duncan@hcmp.com> |
| **Sent:** | Friday, October 28, 2016 12:03 PM |
| **To:** | Malaika Eaton |
| **Cc:** | Josh Rataezyk; Robin Lindsey; Claire Martirosian |
| **Subject:** | Re: CIC v. Walker -- Deposition Noticed for 10/31 |

Malaika-

This will confirm, again, that neither Mr. Walker nor I will be at your offices on Monday morning.


Bradley R. Duncan
Hillis Clark Martin & Peterson P.S.
999 Third Avenue | Suite 4600 | Seattle, WA 98104
d: **206.470.7625** | 206.623.1745 | f: 206.623.7789
bradley.duncan@hcmp.com | www.hcmp.com | vCard

---

**From:** Malaika Eaton
**Date:** Thursday, October 27, 2016 at 9:37 PM
**To:** Bradley Duncan
**Cc:** Josh Rataezyk, Robin Lindsey, Claire Martirosian
**Subject:** RE: CIC v. Walker -- Deposition Noticed for 10/31

Brad – there is clearly much on which we disagree. For instance, your suggestion that requiring CIC to allow Mr. Walker to have an ongoing role in the business after his long-standing breaches of fiduciary duties to the company and its shareholders is "sensible" truly baffling. Further, your remaining suggestions about settlement and CIC are not accurate. We advised that we were open to discussing payment of the judgment over time, which you rejected unless your client was permitted to use CIC itself to do so. The one thing on which it appears we both agree is that your client has not paid a single dime toward the judgment amount.

As for Mr. Walker's deposition, given that your client is apparently unwilling to provide even the basic information necessary for me to re-note his deposition (such as what the nature of his claimed unavailability is and assurances that he has not and will not use the additional time to hide assets that should be used to pay the judgment against him), the deposition will go forward. I certainly agree that you cannot disclose information to me without Mr. Walker's consent – the problem apparently lies with the fact that it is clear from your email below that your client is refusing to allow you to provide this necessary information (none of which relates to the content of any advice he may or may not have received from counsel). That refusal speaks volumes about what is really going on. We will seek appropriate relief if Mr. Walker refuses to attend his properly noticed deposition.

If you want to provide us with a proposal on a bond or even some other appropriate form of security, we will listen.

Regards,

Malaika

**From:** Bradley R. Duncan [mailto:bradley.duncan@hcmp.com]
**Sent:** Thursday, October 27, 2016 12:25 PM

Exhibit 2
Witness Walker
Date 10-31-16
Buell Realtime Reporting
(206) 287-9066

**To:** Malaika Eaton
**Cc:** Josh Rataezyk; Robin Lindsey; Claire Martirosian
**Subject:** Re: CIC v. Walker -- Deposition Noticed for 10/31

Malaika-

I reiterate that I have been told that Mr. Walker will not be there. I have been asked to communicate that to you, and I have done so. You can "expect him to attend" if you wish, but that expectation makes no sense in light of what you are being told. If your intention is to commence the deposition on Monday knowing that nobody will be there, you will be wasting your time and running up expense for no purpose.

In terms of my supposed "refusal" to answer your questions, I told you in the prior message that I had given you all of the information I am authorized to provide. If you have authority for the proposition that you have some right to demand of me in this context the disclosure of client confidences, including privileged information, please share that authority.

As for Mr. Walker's suggestion about CIC, I have no idea how it was communicated to you, but the point was simply to suggest that Mr. Walker put his knowledge of the market and his years of experience operating the company to the benefit of CIC and its stakeholders. CIC is effectively moribund right now, and functions as little more than a litigation vehicle. It occurred to Mr. Walker that a suggestion that he might contribute, with complete transparency in every way, to the generation of new, productive business for CIC, with what otherwise would be his share of that value being applied to the judgment on some terms, might be a way to move the parties together, or at least in a similar direction. It was not about regaining control of CIC. You shot that perfectly sensible suggestion down without even considering how it might be made workable, or part of a broader resolution. Was this even presented to CIC's shareholders? It seems hard to believe that they would not consider using CIC to generate some value for their benefit to be better than the current circumstance. In any event, please do not accuse Mr. Walker of "making no effort" to work toward a resolution. He is the only one who has made an effort at this point, as we have heard nothing from CIC but a demand that the entire judgment be paid in full right now.

Finally, as far as a bond is concerned, I do not understand your remarks. You have been told that a bond for the full amount of the judgment is cost-prohibitive. You then say that you are willing to listen to a proposal that "ensures CIC's interests are fully protected." CIC's interests will be "fully protected" only if a bond for the full amount of the judgment is delivered, which cannot happen. If CIC is prepared to accept a lesser bond amount (bearing in mind that any supersedeas bond here apparently will require full cash collateralization), let us know, and we can actually engage in real conversations about the issue.

Brad

Bradley R. Duncan
Hillis Clark Martin & Peterson P.S.
999 Third Avenue | Suite 4600 | Seattle, WA 98104
d: **206.470.7625** | 206.623.1745 | f: 206.623.7789
bradley.duncan@hcmp.com | www.hcmp.com | vCard

---

**From:** Malaika Eaton
**Date:** Wednesday, October 26, 2016 at 8:57 PM
**To:** Bradley Duncan
**Cc:** Josh Rataezyk, Robin Lindsey, Claire Martirosian
**Subject:** RE: CIC v. Walker -- Deposition Noticed for 10/31

Brad – Given your refusal to answer any of the questions below and the belated nature of this request, I cannot re-note your client's deposition and we expect him to attend. If you reconsider providing this information, let me know as soon

as possible. Regarding the judgment, your client has not paid a single dime toward it and the only proposal he has made is to allow him to use CIC, the subject of his breaches of fiduciary duty, to satisfy his obligations to CIC. That is clearly a non-starter. If you have alternate proposals for an appropriate bond that ensures CIC's interests are fully protected, we are certainly willing to listen.

Regards,

Malaika

---

**From:** Bradley R. Duncan [mailto:bradley.duncan@hcmp.com]
**Sent:** Wednesday, October 26, 2016 12:00 PM
**To:** Malaika Eaton
**Cc:** Josh Rataezyk; Robin Lindsey; Claire Martirosian
**Subject:** Re: CIC v. Walker -- Deposition Noticed for 10/31

Malaika-

You have all of the information I am authorized to give you at this point. Whether you renote the deposition or not, I am telling you that I have been advised that Mr. Walker will not be here on October 31, which in any event is a date CIC chose without consulting with Mr. Walker or anyone acting on his behalf.

Your suggestion that Mr. Walker has made no effort to discuss ways of working toward a resolution of the judgment is not correct. Mr. Walker raised a potential framework for resolution in discussions with Mr. Goelz over the past few weeks, but was told that your client had no interest in it. As far as a bond is concerned, he has not obtained one because the cost of bonding the entire amount of the judgment is prohibitive. We have been given no reason to think that your client would be open to discussing alternative bond structures. If it is, let us know.

Brad

Bradley R. Duncan
Hillis Clark Martin & Peterson P.S.
999 Third Avenue | Suite 4600 | Seattle, WA 98104
d: **206.470.7625** | 206.623.1745 | f: 206.623.7789
bradley.duncan@hcmp.com | www.hcmp.com | vCard

---

**From:** Malaika Eaton <MEaton@mcnaul.com>
**Date:** Tuesday, October 25, 2016 at 8:55 PM
**To:** "Bradley R. Duncan" <bradley.duncan@hcmp.com>
**Cc:** Josh Rataezyk <josh.rataezyk@hcmp.com>, Robin Lindsey <RLindsey@mcnaul.com>, Claire Martirosian <CMartirosian@mcnaul.com>
**Subject:** RE: CIC v. Walker -- Deposition Noticed for 10/31

Brad – It is disconcerting to hear this only now, considering that this deposition has been noted for next week for almost a month. Please provide alternative dates for the deposition that Mr. Walker is prepared to attend and let me know when Mr. Walker first sought advice on issues relating to his appearance and the name of the lawyer he is consulting. To the extent Mr. Walker is now contending that he does not have an obligation to appear for his deposition, please provide any authority for that position. Please also provide appropriate assurances that he has not taken any steps (and will not in the time before he is deposed) to move, hide, or otherwise impair assets that could be used to satisfy the judgment.

In light of (among other things) the fact that your client has made no effort to discuss ways of working toward satisfying the judgment or obtaining a bond, I will need all of this information in order to consider whether to re-note Mr. Walker's deposition.

Regards,

Malaika

**From:** Bradley R. Duncan [mailto:bradley.duncan@hcmp.com]
**Sent:** Tuesday, October 25, 2016 11:27 AM
**To:** Malaika Eaton
**Cc:** Josh Rataezyk
**Subject:** CIC v. Walker -- Deposition Noticed for 10/31

Malaika-

The purpose of this email is to inform you that Mr. Walker will not be appearing at your offices for a deposition on October 31. He is not available on that date, and is more generally seeking advice from separate counsel on issues relating to an appearance here for the purpose of being deposed. You will be informed of his position on that once it is finalized.

Brad


Bradley R. Duncan
Hillis Clark Martin & Peterson P.S.
999 Third Avenue | Suite 4600 | Seattle, WA 98104
d: **206.470.7625** | 206.623.1745 | f: 206.623.7789
bradley.duncan@hcmp.com | www.hcmp.com | vCard