UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RRW LEGACY MANAGEMENT GROUP, INC. et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CAMPBELL WALKER,<br><br>Defendant. | CASE NO. C14-326 MJP<br><br>ORDER ON MOTIONS TO:<br>1. WITHDRAW AS COUNSEL<br>2. COMPEL AND/OR FOR SANCTIONS |

The above-entitled Court, having received and reviewed:

1. Defense Attorney's Motion for Leave to Withdraw (Dkt. No. 232), Plaintiff Campbell Investment Co.'s Opposition to Motion to Withdraw (Dkt. No. 235), and Reply in Support of Motion to Withdraw (Dkt. No. 239); and

2. Plaintiff Campbell Investment Co.'s Motion to Compel and/or for Sanctions (Dkt. No. 233), Response to Plaintiff's Motion to Compel and/or for Sanctions (Dkt. No. 237), and Plaintiff's Reply in Support of Motion to Compel and/or for Sanctions (Dkt. No. 238);

and all accompanying declarations and exhibits, rules as follows:

IT IS ORDERED that Plaintiff's motion to compel is GRANTED.

IT IS FURTHER ORDERED that, as a sanction, Defendant will be assessed the reasonable costs and attorney's fees associated with Plaintiff Campbell Investment Co.'s motion to compel.

IT IS FURTHER ORDERED that defense counsel's motion to withdraw will be GRANTED upon successful discharge of Defendant's duties as a judgment debtor; until that time, Defendant's counsel will retain their position as counsel of record.

## BACKGROUND

Following a trial to the bench, judgment against Defendant was entered on July 28, 2016 (Dkt. No. 203) and (following the expiration of the 14-day stay mandated by Fed.R.Civ.P. 62(a)) became enforceable on August 11, 2016. Although Defendant has appealed the Court's judgment (Dkt. No. 230), there has been no stay issued pending appeal. On September 26, 2016, Plaintiff Campbell Investment Co. ("CIC") mailed (1) a set of post-judgment interrogatories and requests for production (Motion, Ex. B) and (2) a notice of deposition "to be used in aid of execution of judgment" to Defendant's attorneys. (Motion, Ex. C.) Responses to the discovery requests were due (and the deposition was noted) on October 31, 2016.

On October 25, 2016, CIC received a communication from Defendant's counsel, advising them that Defendant would not be appearing at the deposition. On October 31, 2016:

- Defendant in fact did not appear for the deposition

- No responses to the discovery requests were filed

- Defendant's counsel filed a motion for leave to withdraw, citing as grounds for the withdrawal that "[p]rofessional considerations have arisen that have resulted in Mr. Walker's discharging HCMP as his counsel in the District Court Case." Dkt. No. 232 at 2.

**Discussion/Analysis**

Motion to compel and/or for sanctions

Plaintiff's right to the information it seeks through its interrogatories and requests for production is unchallenged. Fed.R.Civ.P. 69(a)(2) permits a judgment creditor to proceed with collection-related discovery directed to the judgment debtor under the rules generally applicable to discovery. Those rules allow for interrogatories, requests for production and the taking of depositions. Fed.R.Civ.P. 30, 33 and 34. They also permit judgment creditors to take the depositions of judgment debtors. Fed.R.Civ.P. 69.

Defendant's failure to respond or make himself available for deposition entitles Plaintiff to an order compelling him to appear at deposition and respond to the discovery requests. Fed.R.Civ.P. 30, 37; CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 993 (7th Cir. 2002). The rules of federal procedure obligate the Court to "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified…" Fed.R.Civ.P. 37(d)(3). Defendant has made no appearance and interposed no justification for his failure to do so. Plaintiff's motion to compel and for sanctions in the form of attorney fees and costs will be granted.

Motion to withdraw

Noting that "[p]rofessional considerations have arisen that have resulted in Mr. Walker's discharging HCMP [Hillis Clark Martin & Peterson P.S.] as his counsel in the District Court Case," Defendant's counsel Mr. Duncan has requested leave of the Court to withdraw, as required by LR 83.2(b)(1). Plaintiff CIC opposes the motion to withdraw on several grounds: (1) that Defendant's counsel has failed to provide adequate justification, (2) that the withdrawal is part of an attempt by Defendant to avoid collection of the judgment and (3) that CIC will be prejudiced by the withdrawal.

While the Court does not find these objections to be well-taken, the request poses serious issues for the just and final resolution of this matter. Defendant has demonstrated a propensity throughout this litigation for failing to respond or make himself available (culminating in his absenting himself from his own trial midway through the proceedings). In agreeing to submit himself to the jurisdiction of this Court, he has taken on certain obligations which the Court is duty-bound to force him to honor; among those are responding to the legitimate requests of the prevailing party and appearing in person as the judgment debtor to submit himself to the legitimate inquiries of the judgment creditor.

Given Defendant's status as a foreign national, compelling him to honor his obligations becomes somewhat problematic. The fact is that defense counsel remain the only reliable conduit for communicating with Defendant. The further fact is that his choice to retain HCMP as appellate counsel (but not counsel for the post-judgment proceedings at this level) means that the Court has some assurance that HCMP knows how to contact Defendant and has his attention. The Court calls on defense counsel, as officers of the court, to assist in transmitting the

legitimate requests of the judgment creditors and orders of this Court by informing Defendant of those requests and those orders.  Once Defendant has discharged his responsibilities as a judgment debtor, the Court will grant defense counsel's motion to withdraw.

**Conclusion**

The Court grants Plaintiff CIC's motion to compel and orders Defendant

1. To respond fully to CIC's September 26, 2016 interrogatories and requests for production within 30 days of this order, and
2. To appear for a re-noted deposition at a reasonable time and place to be selected by CIC.

The Court further grants Plaintiff's request for sanctions in the form of reasonable costs and attorney's fees in an amount to be established by this Court based upon further declarations of counsel to be filed in support (to which Defendant may interpose any objections he chooses).

The Court also indicates that defense counsel's motion to withdraw will be granted upon the successful discharge of Defendant's duties as a judgment debtor in this matter.  Until that time, counsel will be expected to communicate to Defendant the requests of the judgment creditors and the orders of this Court.

The clerk is ordered to provide copies of this order to all counsel.

Dated:  January 10, 2017.

Marsha J. Pechman
United States District Judge