Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RRW LEGACY MANAGEMENT GROUP, INC., a Washington corporation, and ANTOINETTE WALKER, individually and as a Limited Partner of Argyll Limited Partnership,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CAMPBELL WALKER,<br><br>　　　　　　　　　　Defendant. | No. 2:14-cv-00326MJP<br>(Consolidated with 2:14-cv-1544)<br><br>PLAINTIFF CAMPBELL INVESTMENT COMPANY'S MOTION FOR SANCTIONS AND FOR BOND<br><br>**NOTE ON MOTION CALENDAR:<br><u>Friday, March 17, 2017</u><br>Without Oral Argument** |
| CAMPBELL INVESTMENT COMPANY, a Washington corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAMPBELL M. WALKER, a foreign individual,<br><br>　　　　　　　　　　Defendant. | |

PL. CIC'S MOTION FOR SANCTIONS & FOR BOND
(Consol. No. 2:14-cv-00326MJP)

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## I. INTRODUCTION AND RELIEF REQUESTED

Campbell Investment Company ("CIC") respectfully requests that the Court enter an order holding Defendant Campbell Walker in contempt and awarding CIC its attorneys' fees and costs incurred in futile efforts to engage Mr. Walker in post-judgment discovery as sanctions for Mr. Walker's continued disregard of the Court's orders. CIC already moved the Court to compel Mr. Walker to sit for a deposition, provide answers to interrogatories, and produce documents responsive to discovery requests. Yet Mr. Walker, a judgment debtor in this consolidated action, has completely rebuffed the Court's directives and CIC's legitimate efforts to engage in collection-related discovery as authorized by Fed. R. Civ. P. 69. He has repeatedly failed to appear for a properly noticed deposition and answer properly served discovery requests within the required time period. He has provided no justification for his actions, nor has he moved this Court for protection. In fact, his only affirmative step post-judgment was a thinly-veiled attempt to further subvert CIC's collection efforts by purportedly discharging his counsel from these proceedings while retaining that same counsel to pursue his appeal.

CIC also respectfully requests that the Court order Mr. Walker to post an appeal bond of the full amount of the judgment at issue and CIC's anticipated attorneys' fees and costs on appeal, as well as interest on the underlying judgment and attorneys' fees, pursuant to Fed. R. App. P. 7 ("Rule 7") and Fed. R. App. P. 8 ("Rule 8"). At the very least, a bond should cover the latter. Indeed, through Mr. Walker's contempt of this Court's order and his continued refusal to participate in post-judgment discovery, he has effectively granted himself a stay of the judgment without posting a supersedeas bond as required by Rule 8. Mr. Walker's pre- and post-judgment conduct evidences his unwillingness to pay any judgment, fee award, or sanctions entered against him, and he should therefore be required to secure payment of the judgment and CIC's ongoing fees and costs as a prerequisite to pursuing his appeal. The Court should not reward

PL. CIC'S MOTION FOR SANCTIONS & FOR BOND
(Consol. No. 2:14-cv-00326MJP) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Mr. Walker's gamesmanship.

## II. STATEMENT OF FACTS

**A. Plaintiffs Prevail in This Lawsuit Against Campbell Walker Relating to his Actions While in Control of Argyll LP and Campbell Investment Company**

Campbell Walker was the defendant in the consolidated action before this Court.[1] Mr. Walker renounced his U.S. citizenship, but this Court properly exercised personal jurisdiction over him in this action and he appeared here personally at least for some of the trial of this matter.

In 1999, Mr. Walker became general partner of Argyll Limited Partnership ("Argyll"), a Washington limited partnership. Mr. Walker also held a limited partnership interest in Argyll, as did his four siblings. Argyll holds 89 percent of the shares of a related closely-held Washington corporation, CIC.[2] At the around same time he became General Partner of Argyll, Mr. Walker became president and director of CIC. In recent years, CIC's investments have been primarily held in the oil and gas business.

Among other misconduct, during his tenure as General Partner of Argyll and President of CIC, Mr. Walker terminated Argyll's prior management relationship with CIC and put a new arrangement in place between CIC and Darshan, an off-shore entity he came to own. At Mr. Walker's direction, CIC paid millions of dollars in fees to Darshan. These management fees were all paid while Mr. Walker was also paying himself a salary, bonus, and other benefits for his role in managing CIC. The CIC board never reviewed or approved the change in management arrangements or the payment of fees to Darshan.

In January 2014, by consent of three of the five Limited Partners of Argyll, Mr. Walker was removed as General Partner of Argyll for cause. RRW Legacy Management Group, Inc. ("RRW"), a Washington corporation, became the new General Partner. Mr. Walker received notice of his removal, but continued to claim that he was

---

[1] This Court is well-acquainted with the facts of the underlying lawsuit. CIC provides the recitation of facts in this Section II.A as background only.

[2] Each of the five Walker Siblings also has a direct 2.2 percent ownership interest in CIC.

PL. CIC'S MOTION FOR SANCTIONS & FOR BOND
(Consol. No. 2:14-cv-00326MJP) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Argyll's general partner, to the detriment of RRW's ability to govern as the successor general partner of Argyll and to the detriment of Argyll's interests and those of its partners.

RRW initiated the first suit against Mr. Walker (in February 2014), seeking a declaratory judgment that (1) he had been properly removed as General Partner of Argyll and (2) RRW had been properly installed as his successor.  Dkt. 1.  Mr. Walker asserted counterclaims for tortious interference, civil conspiracy, and violation of Washington limited partnership law.  Dkt. 7.  Later (in October 2014), CIC filed suit against Mr. Walker seeking damages for breach of fiduciary duty.  This Court consolidated the cases in 2015.  Dkt. 85.

In October 2015, the Court granted RRW's summary judgment motion that Mr. Walker was properly removed for cause.  The Court found his actions qualify as "willful misconduct" sufficient to satisfy Washington law and the requirements of the Agreement.  Dkt. 141 at 10.  The Court then found RRW was properly appointed as the new general partner.  *Id.* at 10-12.  Finally, the Court dismissed the counterclaims.  *Id.* at 12-14.  At the same time, the Court also found that CIC was entitled to partial summary judgment on its claim of breach of fiduciary duty against Mr. Walker.  *Id.* at 17-18.

CIC and Mr. Walker then engaged in a trial on the fiduciary duty claim.  On January 28, 2016, following trial, the Court awarded CIC damages for breach of fiduciary duty in the amount of $6,271,645.68.  Dkt. 203.  On September 28, 2016, the Court added $580,776.94 in attorneys' fees and taxable costs.  Dkt. 228.

**B.  Campbell Walker Ignores the Court's Order Compelling Him to Participate in Post-Judgment Discovery**

On September 26, 2016, CIC served post-judgment interrogatories and requests for production to Mr. Walker tailored to CIC's efforts to collect its $6.85 million judgment.  Declaration of Malaika Eaton ("Eaton Decl.") ¶ 2.  On the same day, CIC also noticed Mr. Walker's deposition in accordance with the Federal Rules of Civil Procedure.  *Id.*

PL. CIC'S MOTION FOR SANCTIONS & FOR BOND
(Consol. No. 2:14-cv-00326MJP) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

After almost a month of silence, one day before his discovery responses were due and less than a week before the deposition date, Mr. Walker's counsel stated that Mr. Walker would not appear for his deposition. *Id.* ¶ 3. Despite CIC's good-faith meet-and-confer efforts, Mr. Walker failed to appear for his deposition and failed to provide interrogatory answers or produce any documents. *Id.* ¶ 4.

As a result, on November 3, 2016, CIC filed a Motion to Compel and/or for Sanctions seeking to (1) compel Mr. Walker to appear for a deposition, (2) compel Mr. Walker to produce full and complete interrogatory answers and responsive documents, and (3) sanction him as provided in the Federal Rules of Civil Procedure (the "Motion"). Dkt. 233. On January 10, 2017, this Court granted the Motion and ordered that Mr. Walker pay the reasonable costs and attorney's fees associated with CIC's motion to compel (the "Order"). Dkt. 240.

In reaching its decision, the Court noted:

> Mr. Walker "has demonstrated a propensity throughout this litigation for failing to respond or make himself available (culminating in his absenting himself from his own trial midway through the proceedings). In agreeing to submit himself to the jurisdiction of this Court, he has taken on certain obligations which the Court is duty-bound to force him to honor; among those are responding to the legitimate requests of the prevailing party and appearing in person as the judgment debtor to submit himself to the legitimate inquiries of the judgment creditor.

Dkt. 240 at 4. The Court further recognized that Mr. Walker's status as a foreign national presented certain challenges with "compelling him to honor his obligations." *Id.* Accordingly, the Court directed Mr. Walker's trial counsel—who continues to represent him in connection with his appeal—to remain counsel of record until Mr. Walker "discharged his responsibilities as a judgment debtor." *Id.* at 5.

Notwithstanding the Court's clear directives, Mr. Walker has again ignored CIC's discovery requests, failed to appear for his deposition, and rebuffed CIC's efforts to meet and confer. Promptly after the Court's order, CIC re-noted Mr. Walker's deposition for an appropriate time period after the documents would be due under that order. Nonetheless,

PL. CIC'S MOTION FOR SANCTIONS & FOR BOND
(Consol. No. 2:14-cv-00326MJP) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Mr. Walker not only refused to produce any documents, but also has failed to appear for his re-noted deposition, also in direct defiance of this Court's order. Dkt. 240; **Exs. A–C**.[3] Further, despite the Court's Order directing that Mr. Walker's counsel "retain their position as counsel of record" until "successful discharge of Defendant's duties as a judgment debtor," his counsel have declined to participate in a requested meet and confer or otherwise serve as counsel of record except as a passive information conduit. **Exs. D-E.**

Mr. Walker appears intent on flaunting his status as a foreign national outside the effective reach of even the Court's most severe sanctions while simultaneously seeking the benefit of the courts by pursuing his appeal. *Id.* Mr. Walker is attempting to make a mockery of the judicial system at CIC's substantial expense.

CIC's counsel estimates that responding to Mr. Walker's three appeals will take hundreds of hours, totaling as much as $100,000 in additional attorneys' fees incurred by CIC. Eaton Decl. ¶ 5. This is on top of the nearly $600,000 in fees already incurred by and awarded to CIC that remain unpaid by Mr. Walker despite the judgment against him.

### III. ISSUE PRESENTED

Whether, in light of Campbell Walker's continued failure to abide by the Court's January 10, 2017, Order compelling him to participate in the post-judgment discovery process, the Court should: (1) hold him in contempt; (2) order him to pay CIC's attorneys' fees and costs incurred in further post-judgment efforts to enforce the Order, including fees and costs incurred in preparing this motion; (3) order him to post a bond for the amount of the judgment given that his actions have effectively resulted in a stay that he could only obtain through posting a bond or, at the very least, order him to post a Rule 7 appeal bond at least equal to the amount of CIC's attorneys' fees and costs, as well as interest that has accrued and will accrue on the underlying judgment?

---

[3] For Exhibits A–E referenced herein, *see* Eaton Decl.").

PL. CIC'S MOTION FOR SANCTIONS & FOR BOND
(Consol. No. 2:14-cv-00326MJP) – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## IV. EVIDENCE RELIED UPON

Judgment creditor CIC relies upon the Declaration of Malaika M. Eaton in Support of Plaintiff's Motion for Sanctions and for Bond and Exhibits A–E attached thereto, and the records and files herein.

## V. AUTHORITY AND ARGUMENT

### A. The Court Should Hold Campbell Walker in Contempt

The Federal Rules "give[] the district court a veritable arsenal of sanctions" for a party's failure to respond or object to interrogatories and requests for production, appear for a deposition, or comply with a court order compelling the party's participation in discovery. *Crispin-Taveras v. Municipality of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011). Although the Court generally must impose the minimum sanction necessary to secure compliance, it retains discretion to establish appropriate sanctions. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992).

One of the tools at the Court's disposal is its power to hold a party in contempt. "Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). "A civil contemnor 'carries the keys of his prison in his own pocket' because civil contempt is 'intended to be remedial by coercing [him] to do what he had refused to do.'" *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911)). To establish a prima facie case for contempt, the movant must show that the contemnor violated a "specific and definite order of the court." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). The burden then shifts to the contemnor to demonstrate why he was unable to comply. *Id*.

It is undisputed that Mr. Walker has not complied with the Court's January 10, 2017, Order. He should be held in contempt until he satisfies his obligations under the

PL. CIC'S MOTION FOR SANCTIONS & FOR BOND
(Consol. No. 2:14-cv-00326MJP) – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Order. The Order compels Mr. Walker to participate in these post-judgment discovery proceedings by, without limitation, answering interrogatories, responding to discovery requests, and sitting for depositions. Mr. Walker has done none of the foregoing, nor has he even attempted to defend his decision not to participate. He has simply chosen to disregard the Court's Order as if it has no bearing on him. This is about as clear-cut a case for contempt that exists.

**B.    The Court Should Award CIC Its Fees and Costs Incurred in Attempting to Enforce the Order**

In addition to holding Mr. Walker in contempt, the Court should award CIC its attorneys' fees and costs incurred in furtherance of its collection efforts, including in connection with this motion. The Federal Rules provide that a "court ***must*** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified …." Fed. R. Civ. P. 37(d)(3) (emphasis added). These sanctions are "'self-executing,' 'automatic[,]'" and designed to "'provide[] a strong inducement for disclosure of material[.]'" *BWP Media USA Inc. v. Rich Kids Clothing Co., LLC*, C13-1975-MAT, 2015 WL 347197, at *2 (W.D. Wash. Jan. 23, 2015) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Monetary sanctions provide "a useful remedy when a litigant is confronted by an obstructionist adversary" such as Mr. Walker, and the sanctions "play[] a constructive role in maintaining the orderly and efficient administration of justice." *Crispin-Taveras*, 647 F.3d at 7.

**C.    The Court Should Order Campbell Walker to Post a Bond on Appeal**

Unfortunately, holding Mr. Walker in contempt and imposing on him monetary sanctions are unlikely, without more, to compel Mr. Walker to abide by the Court's Order. Mr. Walker has already shown an indifference to monetary sanctions and appears to have no intention to pay any portion of the judgment, fees, or sanctions the Court has already awarded against him. Moreover, Mr. Walker is a foreign national who renounced his

PL. CIC'S MOTION FOR SANCTIONS & FOR BOND
(Consol. No. 2:14-cv-00326MJP) – Page 7

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

United States citizenship and already has a judgment against him based, in part, on his years-long pattern of taking CIC's assets and sending them off-shore. He is therefore largely immune from non-monetary sanctions available to courts to ensure compliance with court orders (i.e. striking pleadings, Fed. R. Civ. P. 37(2)(A); default judgment, *id.*; and/or imprisonment, 18 U.S.C. § 401). At the same time Mr. Walker is continuing to disobey the Court's orders and ignore his post-judgment discovery obligations, he is actively using the courts for his own benefit by pursuing an appeal which will cause CIC to incur substantial additional fees and costs with no prospect of recovery.

In light of these extenuating circumstances, the "minimum sanction necessary to obtain compliance" by Mr. Walker should incorporate his ongoing appeal. *Whittaker*, 953 F.2d at 517 (9th Cir. 1992). The bond should factor in the underlying judgment because of the *de facto* stay Mr. Walker has created through his noncompliance.

The Federal Rules require an appellant to post a supersedeas bond to stay enforcement of an underlying judgment. Fed. R. Civ. P. 62(d); Fed. R. App. P. 8. Rather than requesting a stay, which would have required Mr. Walker to post a bond for the full amount of the underlying judgment—$6,271,645.68—Mr. Walker filed his appeal and then withdrew himself and attempted to withdraw his counsel from the enforcement proceedings. He has effectively manufactured a self-help stay to which he is not entitled that is in direct defiance of this Court's order.

Although Mr. Walker's simultaneous appeal and contemptuous disregard of the post-judgment process presents a rather unique situation, courts have, in other circumstances, required appellants to post bonds that take into account underlying judgments where the appeals effectively stay enforcement of those judgments. *See, e.g.*, *In re Checking Account Overdraft Litig.*, 1:08-CV-23323-JLK, 2012 WL 456691, at *2 (S.D. Fla. Feb. 14, 2012) ("Appellants insist that they cannot be required to post a supersedeas bond under [Rule] 8 because they have not sought a stay. However, because

PL. CIC'S MOTION FOR SANCTIONS & FOR BOND
(Consol. No. 2:14-cv-00326MJP) – Page 8

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

the filing of this appeal prevents distribution of the Settlement proceeds as ordered by this Court's Final Judgment, it is an actual stay of Judgment and bond is appropriate."); *Allapattah Servs., Inc. v. Exxon Corp.*, 91-0986-CIV, 2006 WL 1132371, at *18 (S.D. Fla. Apr. 7, 2006) (requiring objecting class member to post a bond where an appeal "as to the entire class stays both the entry of final judgment on all claims … and payment to all Class members").

Here, Mr. Walker has taken matters into his own hands by staying the judgment through persistent noncompliance. The Court should recognize that a stay is in place and require Mr. Walker to post a bond on appeal that includes the underlying judgment.[4] Fed. R. Civ. P. 62; Fed. R. App. P. 8.

In addition to the judgment amount, the Court should calculate the appeal bond to include interest on the underlying judgment and attorneys' fee award to account for the lost value of the judgment while the *de facto* stay in place. *See Checking Account*, 012 WL 456691, at *3 n.6 (calculating bond to include two years of post-judgment interest on underlying judgment); *Allapattah Servs.*, 2006 WL 1132371, at *18 (calculating bond to include post-judgment interest). Both the judgment, $6,271,645.68, and fee award, $580,776.94, in this matter are accruing at 0.55 percent *per annum*, equating to *per diem* interest of $94.50 and $8.75, respectively. Assuming a two-year life of Mr. Walker's appeal, *see Checking Account*, 012 WL 456691, at *3 n.6, the accrued interest would total an additional $74,834.06. Eaton Decl. ¶ 6.

In the alternative, and at the very least, CIC respectfully requests that the Court order Mr. Walker to post a Rule 7 bond in the amount of CIC's attorneys' fees and costs in the underlying litigation and those fees and costs CIC reasonably anticipates it will

---

[4] In light of the fact that Mr. Walker has not formally moved for a stay of these proceedings pending appeal, the Court could impose a stay as a sanction under Fed. R. Civ. P. 37(b)(2)(A)(IV) in connection with an order directing Mr. Walker to post a supersedeas bond under Fed. R. Civ. P. 62(d).

PL. CIC'S MOTION FOR SANCTIONS & FOR BOND
(Consol. No. 2:14-cv-00326MJP) – Page 9

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

incur in responding to Mr. Walker's appeal. District courts have wide discretion to order parties to post Rule 7 bonds in connection with their appeals. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007). The purpose of a Rule 7 bond is to "protect the rights of appellees brought into appeals courts" from the risk of nonpayment by appellants. *Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998) (cited with approval by *Azizian*, 499 F.3d at 957); *see also Valentini v. Citigroup, Inc.*, 11 CIV. 1355 JMF, 2014 WL 502066, at *3 (S.D.N.Y. Feb. 7, 2014). The risk of nonpayment—characterized as the most important factor in determining whether to require a Rule 7 bond, *Valentini*, 2014 WL 502066, at *2—could not be more apparent in the present case. Like the appellant in *Valenti*, Mr. Walker is "foreign party"—many of whose assets are outside the United States—who has "not complied with previous Court orders" to pay the judgment, sanctions, and attorneys' fees awarded against him. *Id.*; *see also Baker v. Urban Outfitters, Inc.*, 01 CV 5440 LAP, 2006 WL 3635392, at *1 (S.D.N.Y. Dec. 12, 2006) (risk of nonpayment where appellant is foreign party with no domestic assets and history of noncompliance with Court orders).

The Ninth Circuit (and the majority of sister circuits) has held that Rule 7 appeal bonds for "costs" include, at a minimum, attorneys' fees likely to be incurred on appeal where there is an applicable fee shifting provision in the underlying matter. *Azizian*, 499 F.3d at 958 ("[T]he term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees."). As the Court previously recognized, Washington common law provides fee shifting in CIC's favor, and the Court in fact granted over $500,000 in fees (none of which have been paid). Dkt. 228. Thus, at the very least, the Court should require a bond of $100,000 in additional attorneys' fees CIC for the appeal. Eaton Decl. ¶ 5.

Further, a Rule 7 bond can include attorneys' fees "representing the entire cost of the litigation" as punishment for contempt:

PL. CIC'S MOTION FOR SANCTIONS & FOR BOND
(Consol. No. 2:14-cv-00326MJP) – Page 10

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

> [I]nsofar as a district court employs its inherent power to require one party to pay—*or, indeed, bond*—his adversary's attorneys' fees, this necessarily constitutes an exception to the American Rule.  As the Supreme Court explained in *Chambers,* there are … permissible exceptions of this variety[.] … [A] court may assess attorney's fees as a sanction for the willful disobedience of a court order. Thus, a court's discretion to determine the degree of punishment for contempt permits the court to impose as part of the fine ***attorney's fees representing the entire cost of the litigation***.

*Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1335 (11th Cir. 2002) (emphasis added) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991)).  The Court should follow the reasoning of *Pedraza* (cited with approval by *Azizian*, 499 F.3d at 958) and order Mr. Walker to post a Rule 7 appeal bond in the amount of CIC's outstanding ($580,776.94) and projected ($100,000) attorneys' fees, totaling $680,776.94, as "punishment for contempt" of the Court's prior orders.

The Court would be well within its right to imprison Mr. Walker (if he were physically within the Court's jurisdiction) until he participated in post-judgment discovery.  *See Andrews v. Holloway*, 256 F.R.D. 136, 150 (D.N.J. 2009) (appropriate sanction for judgment debtor's contemptuous failure to participate in post-judgment collection proceedings was to arrest and place him in custody until he purged his contempt).  Compared to civil confinement, requiring a Mr. Walker to post a bond in order to proceed with his appeal would be a less severe sanction.

## VI. CONCLUSION

For the reasons stated above, CIC respectfully requests that the Court (1) hold Campbell Walker in contempt, (2) award CIC its fees and costs incurred in enforcement efforts, and (3) require Mr. Walker to post a bond on appeal.

DATED this 2nd day of March, 2017.

> McNAUL EBEL NAWROT & HELGREN PLLC
> By:  s/Malaika M. Eaton
> Malaika M. Eaton, WSBA No. 32837
> Claire Martirosian, WSBA No. 49528
>
> Attorneys for Plaintiff Campbell Investment Co.

PL. CIC'S MOTION FOR SANCTIONS & FOR BOND
(Consol. No. 2:14-cv-00326MJP) – Page 11

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who receives CM/ECF notification.

DATED: March 2, 2017.

By:  s/Malaika M. Eaton
        Malaika M. Eaton, WSBA No. 32837

PL. CIC'S MOTION FOR SANCTIONS & FOR BOND
(Consol. No. 2:14-cv-00326MJP) – Page 12

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3269-001 gc022y03yp 2017-03-02