UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RRW LEGACY MANAGEMENT GROUP, INC., et al., <br><br>　　　　　　Plaintiffs, <br><br>　　v. <br><br> CAMPBELL WALKER, <br><br>　　　　　　Defendant. | CASE NO. C14-326 MJP <br><br> ORDER ON MOTIONS FOR SANCTION AND FOR BOND |

The above-entitled Court, having received and reviewed:

1. Plaintiff Campbell Investment Company's Motion for Sanctions and for Bond (Dkt. No. 245),

2. Defendant's Limited Response to Motion for Sanctions and for Bond (Dkt. No. 247),

3. Plaintiff Campbell Investment Company's Reply in Support of Motion for Sanctions and for Bond (Dkt. No. 248),

ORDER ON MOTIONS FOR SANCTION AND FOR BOND - 1

and all attachments, exhibits, declarations and other relevant portions of the record, rules as follows:

IT IS ORDERED that Plaintiff's motion that Defendant Campbell Walker be held in contempt is GRANTED; as a sanction for his contempt, Defendant is hereby assessed a penalty of $1000 per day until he responds to Plaintiff's post-judgment discovery and appears for a post-judgment deposition/financial examination.

IT IS FURTHER ORDERED that Plaintiff's motion for award of its fees and costs incurred in enforcing its judgment is GRANTED; Plaintiff shall submit its request for reasonable costs and attorney fees within 14 days of the entry of this order.

IT IS FURTHER ORDERED that Plaintiff's motion to require Defendant to post a bond on appeal is DENIED.

**Discussion**

Following a bench trial, Defendant Campbell Walker was adjudged liable for breaches of fiduciary duty. In January 2016, the Court awarded Plaintiff Campbell Investment Company ("CIC") damages in the amount of $6,271,645.68; in September 2016, the Court added $580,776.94 in attorneys' fees and taxable costs. (Dkt. Nos. 223, 228.) On September 26, 2016, CIC served post-judgment interrogatories and requests for production to Defendant and noted his deposition as part of its effort to collect on the judgment. (Dkt. No. 246, Declaration of Eaton, ¶ 2.) Defendant failed to respond to the discovery requests or appear at his deposition. (Id. at ¶ 4.)

In response, CIC filed a Motion to Compel and/or for Sanctions (Dkt. No. 233) and this Court granted the motion, ordering Defendant to pay the reasonable costs and fees associated with CIC's filing of the motion. (Dkt. No. 240.) CIC re-noted Defendant's deposition; Defendant's counsel confirmed that the Court's order and the notice of deposition were

transmitted to Defendant.  (Decl. of Eaton, Exs. A, B.)  The day before the deposition was noted, CIC's counsel received an email from Defendant himself advising he would "not be able to attend the deposition" (Id., Ex. C), confirming that he had received the notice transmitted by his counsel.

Fed.R.Civ.P. 37(d)(3) fees and costs

CIC makes a number of requests in response to Defendant's refusal to participate in the orderly and legitimate process of finalizing the judgment of a federal court.  Plaintiff has moved this Court to order that Defendant pay its reasonable attorneys' fees and costs in bringing this motion.  Fed.R.Civ.P. 37(d)(3) mandates the court to "require the party failing to act… to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified."  Lacking any evidence of justification, the Court will order that Defendant be assessed the reasonable fees and costs associated with prosecuting this motion.

Contempt

CIC has also requested that the Court hold Defendant in contempt for his failure to accede to this Court's direction that he participate in post-judgment discovery.  The Court

> … has the inherent power to hold a party in civil contempt in order to enforce compliance with an order of the court or to compensate for losses of damages.

Powell v. Ward, 643 F.2d 924, 931 (2nd Cir. 1981).   Three elements must be satisfied as a prelude to a finding of contempt: (1) the order must be "clear and unambiguous," (2) the proof of non-compliance must be "clear and convincing," and (3) the party against whom the contempt finding is sought must not have "been reasonably diligent and energetic in attempting to accomplish what was ordered."  Id.

The Court has no difficulty finding that all three conditions are met here.  The order directing Defendant to furnish discovery responses by a date certain and appear at a post-

judgment examination could not have been more clear. (*See* Dkt. No. 240, Order at 5.) There is no reason to question CIC's assertion that Defendant's non-compliance has been absolute, and no evidence that Defendant has expended the slightest effort to accomplish what this Court ordered him to do.

Having found that the conditions for a finding of contempt have been satisfied, the Court turns to the issue of an appropriate remedy. As the Supreme Court has explained,

> [j]udicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.

United States v. United Mine Workers, 330 U.S. 258, 303-04 (1947). The sanction the Court intends to impose on Defendant is intended to accomplish the first purpose: compliance with the court's order. Defendant will be assessed $1000 per day from the date of this order until he has (1) provided responses to the post-judgment discovery requests propounded by CIC and (2) appeared for and satisfactorily concluded a post-judgment deposition/examination. The contempt sanctions are payable into the registry of the Clerk of the Court of this district until those conditions are satisfied.

Appeal bond

Finally, CIC has moved this Court for the imposition of a bond on appeal. Absent a formal request for a stay of judgment from Defendant, Plaintiff recognizes that a supersedeas bond pursuant to Fed.R.Civ.P. 62(d) – which would require the posting of the entire amount of the judgment – is not appropriate. Nevertheless, it attempts to convince the Court it is entitled to a "quasi-supersedeas bond" accomplished through the mechanism of a stay pursuant to Fed.R.Civ.P. 37(b)(2)(A)(iv) followed by an order to post a Fed.R.Civ.P. 62(d) bond. It is a

creative procedural approach with neither statutory nor case support – 62(d) clearly contemplates a stay requested by the appellant, not imposed by the lower court.

Alternatively, CIC moves this Court to order Defendant to post a bond pursuant to Fed.R.App.Proc. 7, which permits "the district court [to] require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." The circumstances of this case render it inapt for such a request. The case law is clear that, as defense counsel has pointed out, "Rule 7 authorizes the inclusion of anticipated appellate attorney's fees in a bond *only* to the extent the requested fees are included in the definition of "costs" in an applicable fee-shifting statute." (Dkt. No. 247, Response at 4; emphasis in original.) See Azizian v. Fed. Dep't Stores, Inc., 499 F.3d 950-958-60 (9th Cir. 2007); Tennille v. Western Union Co., 774 F.3d 1249, 1256 (10th Cir. 2014)("circuit courts have unanimously limited [Rule 7] to include only costs authorized by rule or statute").

There is no fee-shifting statute involved in this case and no other rule or statute which authorizes the awarding of costs in this litigation. On that basis, the Court will deny CIC's request for a bond on appeal.

**Conclusion**

Plaintiff CIC's motion is PARTIALLY GRANTED and PARTIALLY DENIED. Because Defendant's failure to cooperate with Plaintiff's legitimate requests or comply with the orders of this Court mandated the filing of the present motion, Plaintiff is entitled to reasonable attorney's fees and costs under Fed.R.Civ.P. 37(d)(3). They are so ordered and CIC should submit its motion in that regard within 14 days of the entry of this order.

Defendant's behavior following the entry of judgment qualifies for a finding of contempt, and the Court so rules. As a sanction to force compliance with the Court's previous order,

Defendant will be assessed $1000 per day from the date of this order until he (1) provides responses to the post-judgment discovery requests propounded by CIC and (2) appears for and satisfactorily concludes a post-judgment deposition/examination.

Plaintiff is not entitled to a bond on appeal in any amount and that portion of its motion is denied.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 6, 2017.

Marsha J. Pechman
United States District Judge