# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RRW LEGACY MANAGEMENT GROUP, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CAMPBELL WALKER,<br><br>Defendant. | CASE NO. C14-326 MJP<br><br>ORDER RE: PLAINTIFF CAMPBELL INVESTMENT COMPANY'S SECOND MOTION FOR CONTEMPT |

On April 6, 2017, this Court entered an order finding Defendant Campbell Walker in contempt of the Court's orders regarding post-judgment discovery and ordered him to pay to the Clerk of Court $1,000 per day from the date of the order until Mr. Walker complied with his post-judgment discovery obligations. Dkt. No. 250.

Plaintiff Campbell Investment Company ("CIC") is back before the Court to (1) report that the contempt sanctions have been ineffective in obtaining Defendant's cooperation in post-judgment discovery and (2) request further sanctions, not only against Defendant but against his

counsel of record. Dkt. No. 257. The Court, upon review of the motion, defense counsel's response (Dkt. No. 259) and CIC's reply (Dkt. No. 261), rules as follows:

IT IS ORDERED that Plaintiff CIC's request for sanctions against Defendant's counsel is DENIED.

IT IS FURTHER ORDERED that, as a sanction for Defendant's ongoing contempt of this Court's orders to participate in post-judgment discovery, and in order to compel his future compliance with his post-judgment obligations, Campbell Walker be arrested and that upon his arrest he be incarcerated for such period of time as is necessary to secure both his appearance at a deposition to be conducted by Plaintiffs and his compliance with Plaintiff's Requests for Production of Documents.

IT IS FURTHER ORDERED that the sanctions previously assessed against Defendant for his contempt remain in place (i.e., that he continue to accumulate a fine of $1,000 per day until his compliance with his post-judgment obligations is obtained).

IT IS FURTHER ORDERED that Defendant's counsel of record confirm delivery and receipt of this order by Defendant within 30 days of its entry.

**Discussion**

Appropriate sanctions for Defendant's contempt

Courts possess the "'inherent power to enforce compliance with their lawful orders through civil contempt.'" Shillitani v. United States, 384 U.S. 364, 370 (1966). Fed.R.Civ.P. 37(b)(2) authorizes sanctions of varying degrees of severity. Arrest is appropriate as a civil contempt sanction if its purpose is not punitive but rather to compel the contemnor to perform the acts ordered by the court. Hicks v. Feiock, 485 U.S. 624, 631-34 (1988); *see also* Scioto Constr'n, Inc. v. Morris, 2007 WL 1656222 at *3 (E.D.Tenn. June 7, 2007)(collecting cases

ordering a civil contemnor be arrested and held until compliance with post-judgment interrogatories is obtained).

The Court finds that Defendant has been properly noticed regarding his post-judgment obligations and the orders of this Court that he provide post-judgment discovery and make himself available to post-judgment deposition. *See* Dkt. No. 260, Declaration of Duncan, ¶¶ 4, 6. The Court further finds that Defendant has deliberately chosen to ignore his obligations and the Court's orders. Id. at ¶ 5. It is the conclusion of the Court that (based on 3 months of non-compliance in the face of mounting contempt fines) increasing the size of the monetary sanctions for his contempt is unlikely to compel Defendant to comply. The other sanctions contained in the (non-exhaustive) list referenced in Fed.R.Civ.P. 37(b)(2) – related to certain pretrial penalties -- would be unhelpful since Plaintiffs have already obtained a judgment against Defendant. An arrest order, while admittedly severe, is the only remaining effective avenue of securing Defendant's compliance.

<u>Request for contempt finding against Defendant's counsel</u>

The Court declines to enter any finding of contempt against Defendant's counsel, and takes this opportunity to clarify the limited role which was intended at the time that the Court denied defense counsel's request to withdraw from representation. In the order denying that request, the Court stated:

> The fact is that defense counsel remain the only reliable conduit for communicating with Defendant. The further fact is that his choice to retain HCMP as appellate counsel (but not counsel for the post-judgment proceedings at this level) means that the Court has some assurance that HCMP knows how to contact Defendant and has his attention. The Court calls on defense counsel, as officers of the court, to assist in transmitting the legitimate requests of the judgment creditors and orders of this Court by informing Defendant of those requests and those orders.

Dkt. No. 250, Order on Motions to Withdraw and Compel at 4-5. In the Court's order, defense counsel's role was further described: "Until [such time as Defendant complies with his post-judgment obligations], counsel will be expected to communicate to Defendant the requests of the judgment creditors and the orders of this Court."

It was not then, nor is it now, the intention of the Court that, as regards the District Court proceedings, Defendant's counsel act as Defendant's representative in any other capacity than as a conduit for the pleadings of record and the orders of the Court in this case and to provide the Court (whenever requested and whenever possible) with confirmation that Defendant has received notice of those pleadings and orders.

**Conclusion**

The request for further sanctions against Defendant for his ongoing failure to comply with the orders of this Court regarding his post-judgment obligations is GRANTED; an order for the arrest of Defendant will issue and upon his apprehension he will remain incarcerated for such period of time as is necessary to secure both his appearance at a deposition to be conducted by Plaintiffs and his compliance with Plaintiff's Requests for Production of Documents related to the judgment against him.

The request for a finding of contempt as regards Defendant's counsel is DENIED.

The clerk is ordered to provide copies of this order to Defendant and to all counsel.

Dated August 17, 2017.

Marsha J. Pechman
United States District Judge