FILED

NOV 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RRW LEGACY MANAGEMENT GROUP, INC., a Washington Corporation; ANTOINETTE WALKER; CAMPBELL INVESTMENT COMPANY, a Washington Corporation,<br><br>       Plaintiffs-Appellees,<br><br> v.<br><br>CAMPBELL WALKER, an individual,<br><br>       Defendant-Appellant. | Nos.  16-35648, 16-35836<br><br>D.C. No. 2:14-cv-00326-MJP<br>Western District of Washington, Seattle<br><br><br>ORDER |
| CAMPBELL INVESTMENT COMPANY, a Washington corporation,<br><br>       Plaintiff-Appellee,<br><br> v.<br><br>CAMPBELL M. WALKER, a foreign individual,<br><br>       Defendant-Appellant. | No.   16-35649<br><br>D.C. No. 2:14-cv-01544-MJP<br>Western District of Washington, Seattle |

Before: Peter L. Shaw, Appellate Commissioner.

I
Background

RRW Legacy Management Group, Inc. ("RRW"), Antoinette Walker ("Antoinette"), and Campbell Investment Company ("CIC") brought a Washington state court action against Campbell Walker ("Campbell"), seeking a declaration that Campbell's removal as general partner of Argyll Limited Partnership ("Argyll") was for cause and that RRW was properly appointed to succeed him. Campbell removed the action to federal court based on diversity of citizenship.

CIC, of which Argyll was a major stakeholder, brought a separate federal action seeking damages for breach of fiduciary duty against Campbell, their former president. The district court consolidated the two proceedings, granted summary judgment to RRW and Antoinette, and granted partial summary judgment to CIC. *See RRW Legacy Mgmt. Grp., Inc. v. Walker*, ___ F. App'x ___, 2018 WL 4671787, at *1, *3 (9th Cir. 2018). After a trial, the district court awarded $6,271,645.68 in damages and interest and $580,776.94 in attorneys' fees and non-taxable costs to CIC under Washington law. *Id*.

Campbell appealed, and this court affirmed the district court's judgment. *Id*. CIC filed a timely motion for attorneys' fees on appeal and a bill of taxable costs, which were electronically served on Campbell. *See* Fed. R. App. P. 39(d), 9th Cir.

R. 39-1.6.  Campbell did not file an opposition.  *See* 9th Cir. R. 39-1.5, 1.7.  The court awarded attorneys' fees to CIC and referred to the Appellate Commissioner the determination of an appropriate amount of fees.  *See* 9th Cir. R. 39-1.9.

## II
## Discussion

A.  Attorneys' Fees

CIC requests $68,762.50 in attorneys' fees for 181.7 hours of work on appeal by partner Malaika M. Eaton and associate Claire Martirosian of the law firm of McNaul Ebel Nawrot & Helgren PLLC in Seattle, Washington, as follows:

|  | 2016 Rate | 2016 Hours | 2017 Rate | 2017 Hours | 2018 Rate | 2018 Hours | Total Hours | Total Fees |
|---|---|---|---|---|---|---|---|---|
| Eaton | $400 | 1.8 | $415 | 37.4 | $430 | 16.7 | 55.9 | $23,422.00 |
| Martirosian | $345 | 0 | $360 | 122.3 | $375 | 3.5 | 125.8 | $45,340.50 |
| Total |  |  |  |  |  |  | 181.7 | $68,762.50 |

CIC's requested hourly rates reflect the market value of the attorneys' services, and therefore they are reasonable.  *See Scott Fetzer Co. v. Weeks*, 859 P.2d 1210, 1215-16 (Wash. 1993).  Eaton states that she is familiar with the hourly rates charged by Seattle firms, and that the requested hourly rates are within the range charged in such matters by attorneys with similar experience, skill, and reputation.  CIC requested and the district court awarded comparable $375-$400

hourly rates for Eaton's 2014-16 work and a $345 hourly rate for Martirosian's 2016 work. Campbell did not challenge on appeal the hourly rates awarded by the district court, and this court affirmed the district court fee award in all respects. *See RRW Legacy Mgmt. Grp.*, ___ F. App'x ___, 2018 WL 4671787, at *1, *3.

A review of the docket, briefs, oral argument, and attorney invoices shows that CIC's requested 181.7 hours were reasonably expended. *See Bowers v. Transam. Title Ins. Co.*, 675 P.2d 193, 203 (Wash. 1983). CIC's attorneys prepared a motion to consolidate the appeals, a reply to Campbell's opposition to the motion, a motion to file an oversize brief, a 27,995-word consolidated answering brief (responding to three separate opening briefs filed by Campbell), and a citation of supplemental authorities. Eaton appeared at oral argument in Seattle. Eaton states that the requested hours do not include time spent representing RRW, or preparing the attorneys' fees motion.

B. Taxable Costs

Because the judgment was affirmed, costs are to be taxed against Campbell. *See* Fed. R. App. P. 39(a)(2). CIC requests taxation of $288 in costs for 7 copies of the 77-page answering brief at $0.10 per page ($53.00) and 7 copies of 336 pages of the supplemental excerpts of record at $0.10 per page ($235.00).

Pursuant to Ninth Circuit Rule 39-1.2 and 1.3, taxable costs are limited to the required number of paper copies of briefs (7) plus 1 additional copy, and to 5 copies of the excerpts of record, plus 1 copy for each party required to be served, at $0.10 per page.  The court did not require paper copies of the supplemental excerpts of record to be served, and CIC electronically served the supplemental excerpts of record on Campbell.  Thus, $168 in costs are taxed for 5 copies of CIC's requested 336 pages of supplemental excerpts of record, and $67.00 in costs are disallowed.

### III
### Conclusion

Attorneys' fees in the amount of $68,762.50 are awarded and costs in the amount of $221.00 are taxed in favor of Campbell Investment Company and against Campbell Walker.  This order amends the mandate.